## MOSS VS. ASHBROOKS.

A final order, reciting that the cause was argued and submitted; that the Court is of opinion that the complainant's bill be dismissed; that the injunction be continued until the further determination of this cause, is not a final decree.

A prayer of appeal by the complainant, and an order that he have thirty days to file his recognizance, and that the recognizance, when so filed, shall operate as a full and complete supersedeas, is not an express grant of appeal, nor effectually provides for it.

22BB

*Appeal from Pike Circuit Court in Chancery.*

Hon. SHELTON WATSON, Circuit Judge.

CURRAN & GALLAGHER, for the motion to dismiss.

PIKE & CUMMINS, contra.

Mr. Justice SCOTT delivered the opinion of the Court.

The final order of the Court below, is in the following words, *to wit:*

" This day came the parties, by their solicitors, and, after hearing the argument of counsel, respectively, this case was submitted. And the Court, upon inspection of bill, answers, exhibits, &c., herein, is of opinion that the complainant's bill be dismissed. And, thereupon, came the said complainant, by his solicitor, and prayed an appeal, and thereupon, by agreement of counsel, the affidavit required by law was waived, and that the complainant have thirty days to file his recognizance herein. And, thereupon it is ordered, adjudged and decreed that the said recognizance, when so filed, shall operate as a full and complete supersedeas herein. And it is further adjudged and decreed that the injunction heretofore issued, be and the same shall remain in full force until the further determination of this cause."

It is probable that this order was made during the February term, 1854, of the Pike Circuit Court, but so irregular is the transcript, that this is not entirely certain from its face. (*Rule* 16, 1 *vol. Ark. Rep.*, *p.* 7.) On the 18th of March, 1854, in the vacation of the Court, it appears that the complainant filed "his obligation" with Thomas Hubbard and Wm. Moss, as his securities, reciting, among other things, that a decree had been rendered against him in this cause, from which he had prayed an appeal to this Court, which had been accordingly granted, and

was conditioned for its prosecution, &c. This, it appears, was *approved by the Clerk*, the day it was filed in his office.

Upon this state of facts, the appellees move to dismiss the cause from this Court: 1st. Because no final decree has been rendered herein by the Pike Circuit Court; 2d. Because no appeal was granted.

It seems that, upon the hearing, the Court was of opinion that the complainant's bill ought to be dismissed, but there is no express order or decree to that effect, and it is difficult to infer one, in the face of the express decree, in terms " that the injunction heretofore issued, be and the same shall remain in full force until the further determination of this cause." If the bill had been dismissed, the injunction would have necessarily fallen with it. And, unless the opposite party had waived his right, the Court ought to have proceeded under the statute for the ascertainment of damages. *Dig.*, *ch.* 86, *p.* 594, *sec.* 21.

What was the precise intention of the Court, in reference to the appeal applied for, cannot be readily seen from what is expressed in the record. It was certainly not expressly granted, or in any way effectually provided for in future, if it was to operate as a stay of proceedings, since the recognizance, provided for by the statute, to have this effect, must be approved by the " Court or judge granting the appeal." (*Dig.*, *ch.* 28, *p.* 244, *sec.* 137.) We think the motion ought to be granted.

WATKINS, C. J., did not sit in this case.