## HANNA, *admr.*, *v.* PITMAN.

APPEAL—*affidavit of good faith requisite.* Unless the *affidavit* required by the statute is duly filed, or duly waived, the *appeal* to this court is not perfected, and does not operate as a supersedeas.

WRIT OF ERROR. Where an appeal from a judgment is prayed and granted, but the requisite affidavit is neither filed nor waived, a *writ of error* may be sued out to bring the same judgment before this court for review.

### On Plea of Abatement.

ENGLISH, GANTT & ENGLISH, for plaintiff.

WATKINS & ROSE, for defendant.

WILSHIRE, C. J.

Pitman, the defendant in error, pleaded in abatement of the writ of error: " That, at the time of rendering final judgment in the court below, on the 11th day of May, 1867, the plaintiff in error prayed an appeal from said judgment to this court, which was granted by the court below; which appeal, by operation of law, became and was and is a supersedeas upon the judgment, and which appeal remains undisposed of," &c. The plaintiff in error replied to the plea in abatement, " that,

although at the time of rendering the final judgment, he prayed an appeal, which was granted by the court below, no affidavit for said appeal was filed by him, or waived of record or otherwise by the defendant in error, at the time said appeal was granted by the court below, nor has any affidavit for such appeal been since filed by the plaintiff, or. waived by the defendant; hence the said appeal was not perfected and not become, nor has ever been, a supersedeas upon said judgment," &c.     The defendant demurred to the replication, and its legal. sufficiency is thus presented for our consideration.

The statute regulating the practice at law in circuit courts, says that " no appeal shall be allowed, unless, first, it be made during the term at which the judgment or decision complained of was given; and, second, the appellant, or his agent, shall. during the same term, file in the court an affidavit stating that such appeal is not made for vexation or delay, but because the affiant verily believes that the appellant is aggrieved by the decision or judgment of the court."

Under our law, executors and administrators are not required to enter into recognizance to obtain the order of the circuit court to make an appeal taken by them operate as a supersedeas upon the judgment.   But the filing of the affidavit, required by the statute is an. indispensable prerequisite, and must be done to perfect an appeal, and within the time required by law.   _Bank of State v. Hinchcliff_, 4 _Ark._, 444 ; _McJenkins v. State Bank_, 7 _Ark._, 232; _Town v. Wilson_, 7 _Ark._, 386.   In the case of _Yell, Gov., use of Conant & Co., v. Outlaw, et al._, 14 _Ark._, 413, Chief Justice WATKINS delivering the opinion of the court, says :  " We take the distinction to be between those cases where the appeal does not operate as a supersedeas, and those on the other hand, where, by operation of law, or the act of the suitor by entering into recognizance, the execution is stayed upon the granting of the appeal to this court."   "If," said the learned judge,  " in that case, the successful party in the court below is not hindered by the appeal from having execution, no good reason is perceived why the appellant may not dismiss his ap-

peal at any time before the final adjudication of it, with like effect as if *he* had brought the cause here for revision by writ of error without supersedeas." In that case the court said that "the pendency of the appeal, at the time of suing out the writ of error, might be good in abatement of the latter proceeding," &c. That rule we think correct, because, where a party has brought his case into this court by one of the modes prescribed by law for bringing the proceeding of circuit courts here for review, he should not be allowed to resort to any other, while the first proceedings are pending. ·

But in this case the replication states, that, although the appeal was prayed for and granted by the court below, no affida-·· vit for the appeal was filed by the plaintiff in error, or waived by the defendant. This the defendant in error admits, by demurring to the replication. Then, it is clear that the prayer by the plaintiff in error for the appeal, and the same being granted by the court below, without the affidavit required by the statute being filed, although the plaintiff in error was sued in the court below as administrator, could not *ipso facto* operate as a supersedeas upon the judgment, and we think no appeal was taken, and the replication is a sufficient answer to the plea in abatement.

The demurrer is overruled.