MATTHEWS *v.* LANE.

Opinion delivered June 25, 1898.

PROBATE COURT—APPEAL—REQUISITES.—Under Sand. & H. Dig., § 1149, providing that appeals may be taken to the circuit court from final judgments of the probate court by filing an affidavit and prayer for appeal with the clerk of the probate court whereupon the probate court shall order an appeal, it is necessary, to invest the circuit court with jurisdiction, that it appear that the affidavit and prayer for appeal were presented to the probate court, and that the appeal was granted. (Page 421.)

Appeal from Craighead Circuit Court, Jonesboro District.

FELIX G. TAYLOR, Judge.

*E. F. Brown,* for appellants.

Appellant, having filed the affidavit for appeal required by statute, had taken all steps necessary to confer jurisdiction upon the circuit court. Sand. & H. Dig., § 1149; 35 Ark. 302; 51 Ark. 344; 13 S. W. 250. The probate court should have been made to enter up, *nunc pro tunc*, the order granting the appeal. 43 Ark. 33; Am. Dig. (1893) p. 135, § 302. The same strictness of rule is not applied to appeals from probate to circuit court as from circuit to the supreme court. 7 Ark. 170.

*John K. Gibson* and *J. C. Hawthorne,* for appellee.

The bill of exceptions was not filed or made part of the record, hence there is nothing before this court to enable it to review the decision of the court below. 46 Ark. 17; 44 Ark. 482; 2 Ark. 14; 25 Ark. 503. The affidavit for appeal is not shown to have been either presented to, or passed upon by, the probate court. Hence it is no part of the record. 38 Ark. 594.

BUNN, C. J. The note sued on this case was executed by the deceased, W. W. Constant, and delivered to H. H. Hadley, on the 10th day of January, 1889, due and payable twelve months after date, with 6 per cent. interest from date; principal $1,000. On the 24th day of August, 1894, the note was

assigned and transferred to appellant, W. B. Matthews, by Hadley, for value.

On the 28th of May, 1895, Matthews presented the note for allowance to W. T. Lane, the appellee, the then administrator of the estate of Constant, who had died in the meantime, and the same was disallowed, and the same was filed in the probate court for suit, and Lane, the administrator, answered at the July term, 1895, and with his answer filed his counterclaim, to which Matthews filed his response, and, on motion of Lane, Hadley was made a party defendant.

Without date or file marks, a petition of Matthews appears in the record, made to the circuit judge, asking an order on the probate judge requiring him to perfect his record of the July term, 1890 [1895], of the probate court, showing that he had in fact at said term taken the appeal, and that a minute of the same had not been made, as should have been done. The affidavit for the appeal appears in the record as of the date of 24th July, 1895, but it does not appear to have been presented or filed in the probate court.

On the 30th September, 1896, in term time, Lane filed his motion in the circuit court to dismiss the appeal, and, on hearing of the same, the court held that no appeal had been granted in the case, and the appeal was thereupon dismissed, over the objection of Matthews. No action appears to have been taken on the petition for writ of mandamus on the probate judge, and the record does not show that an appeal was taken. The dismissal of the appeal disposed of the case in the circuit court, and from that order this appeal was taken, the proceeding in the probate court, including the evidence, being presented in the transcript sent up to this court. No final action seems to have been taken on the petition for the writ of mandamus against the probate court to compel it to make its records speak the truth, and thereby to show that this appeal was taken in due form; and we are unable to see whether or not there was any connection whatever between this petition and the subsequent motions of defendant to dismiss, if, indeed, any such connection would change the status of things. On the motion to dismiss the appeal, or on the petition for writ of mandamus, we cannot say which, evidence was taken to show what really did occur in the probate court at the time the ap-

peal is alleged to have been taken; but this evidence is too in-
definite and uncertain to serve as a correction of the record in
the latter case, and equally so to supply a record in the former
case, if such, indeed, were at all allowable.

*Berry* v. *Singer*, 9 Ark. 128, was a case of appeal from
the circuit to the supreme court, and in that case this court said:
"This is a motion filed by appellee to dismiss the appeal. The
reason urged in support of the motion is that there is no show-
ing of record that the appeal ever was allowed by the circuit
court. The statute declares that the circuit court shall make an
order allowing an appeal upon the performance of certain con-
ditions therein specified. It is the order granting the appeal,
and not the prayer for it, that operates to transfer the jurisdic-
tion from the circuit to the supreme court. This being a ques-
tion of jurisdiction, no presumption can be indulged; so that,
although the record should affirmatively show that every pre-
requisite had been complied with, yet no jurisdiction could
attach without an order expressly allowing the appeal." And
in *Neale* v. *Peay*, 21 Ark. 94, this court said: "It was decided
in *Berry* v. *Singer*, 9 Ark. 128, that where, on appeal from the
circuit court to this court, the record shows that the party ap-
pealing complied with all the prerequisites required by statute
to entitle him to an appeal, but fails to show that the appeal was
granted, this court will dismiss for want of jurisdiction. No
good reason has been or can be given why the same rule should
not apply to appeals from the probate court to the circuit court,
the statutes regulating each being similar in their provisions,
so far as regards the point in controversy,"—citing Gould's
Digest, pp. 137, 867, for the regulation of appeals in both
courts. The same rule as to appeals from the probate court
continues to this day, substantially. Sand. & H. Dig., § 1149.

In *Sykes* v. *Lafferry*, 26 Ark. 414, this court said: "Un-
der the code, there are two ways in which an appeal may be
prosecuted: 1st. By a motion made during the term at which
the judgment or final order was rendered. 2d. Upon applica-
tion of either party to the clerk of the supreme court, in term
time or in vacation. The record does not declare the fact that
there was any motion for an appeal in the court below, nor
that there has been application to the clerk of this court to

grant such appeal. True, the papers are marked "Filed January 24, 1870," but that does not constitute an application for an appeal. There should be a formal petition to that effect, and a granting of the same by the clerk, in order to invest the court with jurisdiction to hear and determine the case on its merits. Therefore the case is dismissed." See, also, *Adams* v. *Hepman*, 27 Ark. 156.

Judgment affirmed.