WALKER v. NOLL.

Opinion delivered November 1, 1909.

1. APPEAL AND ERROR—SUFFICIENCY OF BILL OF EXCEPTIONS.—The requirement that the bill of exceptions contain all of the testimony in a case is sufficiently complied with if it appears inferentially that all the evidence is brought up. (Page 150.)

2. WITNESSES—NECESSITY OF OATH.—It was error to permit an unsworn witness to make a statement to the jury. (Page 150.)

3. APPEAL FROM PROBATE COURT—AFFIDAVIT.—Where the attorney of a claimant in the probate court filed with the clerk a statement reciting that such claimant prayed for an appeal, and that it was not taken for delay, etc., and said: "I will swear to this," but the paper contained no jurat, the paper was not sufficient as an affidavit for appeal. (Page 150.)

4. APPEAL FROM PROBATE COURT—NECESSITY OF AFFIDAVIT.—Under Kirby's Digest, § 1348, providing that appeals may be taken from final judgments of the probate court by the party aggrieved filing an affidavit and prayer for appeal within 12 months after rendition thereof, and that upon the filing of such affidavit the court shall order an appeal, the filing of such affidavit is a prerequisite to the granting of an appeal. (Page 151.)

5. JUDGMENTS—PRESUMPTION.—The presumption in favor of the judgment of a superior court that all the prerequisites of the law have been complied with, which applies in case of a collateral attack on the judgment, does not apply in case of a direct attack on the judgment, as in case of an appeal therefrom. (Page 152.)

Appeal from Lonoke Circuit Court; *Eugene Lankford,* Judge; reversed.

*T. C. Trimble, Joe T. Robinson, T. C. Trimble, Jr.,* and *Jas. B. Gray,* for appellant.

In the absence of the jurat of the officer before whom the affidavit was made, the fact that it was sworn to must be estab-

lished by evidence *aliunde.*  43 Neb. 794.  The evidence in the record is not sufficient to establish the fact that an affidavit for appeal was made.  68 Miss. 243; 94 Ga. 461; 52 Pac. 756; 4 Heisk. 532.  No jurisdiction is acquired on appeal unless an affidavit is made.  24 Ark. 282; 25 Ark. 275; 21 Ark. 93; 65 Ark. 419; 27 Ark. 599.  An affidavit for appeal must be presented to the court during some term  within twelve months after the judgment was rendered.  65 Ark. 419; 27 Ark. 599.

*George M. Chapline,* for appellee.

It is the judgment of the probate court that an appeal was prayed and granted that gives jurisdiction.  65 Ark. 421.  The order of a court of record granting an appeal cannot be attacked collaterally.  11 Ark. 519.  If the record of the probate court were not true, it should have been corrected by certiorari.  38 Ark. 391.

FRAUENTHAL, J.  At the April term, 1907, of the Lonoke Probate Court the appellee presented her claim against the estate of R. O. Walker, deceased.  In that court the appellant as administrator of said estate filed an answer to the pleading seeking an allowance of the claim.  Upon a trial of the matter the probate court allowed a portion of the claim, and disallowed the remainder, and rendered judgment accordingly; and in the order it is recited:  "Whereupon counsel for plaintiff prayed an appeal to the circuit court, which was granted."

In the circuit court the appellant filed a motion to dismiss the appeal from the probate court upon the ground that no affidavit for appeal was made in the time or manner required by law, and at no step in the proceeding was this affidavit waived by the appellant, nor the necessity of making it dispensed with. The circuit court denied the motion to dismiss the appeal over the objection of appellant and rendered judgment for the full amount of the claim.  From that judgment the appellant prosecutes this appeal.

It would appear that the judgment of the probate court was rendered on April 22, 1907, and that no affidavit for appeal from that judgment was then made or filed.  On May 14, 1907, and in vacation, the attorney of appellee presented to the clerk of the probate court an instrument purporting to be an affidavit as follows:

"Comes George M. Chapline, as agent and attorney in fact for the plaintiff herein, and states that the said plaintiff, M. Noll, is a non-resident of the State of Arkansas, and states that this appeal, prayed for and granted, is not taken for delay, but that justice may be done."

(Signed)        "Geo. M. Chapline,

"Agt. and Atty. for Plaintiff."

—with the remark: "I will swear to this," and without further formality left the office. The paper was filed by the clerk, but no jurat was attached thereto, nor was the purported affidavit ever presented to or acted upon by the probate court. In the trial upon this motion to dismiss in the circuit court the clerk of the probate court was allowed to make the above statement relative to the purported affidavit without being sworn as a witness, over the objection of appellant duly made at the time. It appears from the bill of exceptions that this was all the alleged testimony that was introduced upon the hearing of the motion to dismiss the appeal. It is urged by counsel for appellee that, in as much as the bill of exceptions does not state specifically that this was all the testimony heard in the matter, the finding and decision of the circuit court should be presumed to be correct. But it does sufficiently appear from the bill of exceptions that it contains all the testimony heard on the trial of the matter by the circuit court, and negatives the idea that any other testimony was heard; and the bill of exceptions is sufficient if it appears inferentially that all the evidence is brought up. *Thomas* v. *Hinkle*, 35 Ark. 450; *Leggett* v. *Grimmett*, 36 Ark. 496; *Overman* v. *State*, 49 Ark. 364.

We are of the opinion that it was error for the trial court to hear the statement of the probate clerk without actually first swearing him as a witness, when the appellant was at the time objecting to his statement being received as evidence without his first being sworn. There was therefore no legal evidence that the instrument purporting to be an affidavit was actually sworn to. As a matter of fact, under the statement of the clerk, the instrument was not formally sworn to. It was only handed to the clerk with the remark that "I will swear to this." While there is no particular formality required either in the use of the words or the manner of administering an oath in making an affidavit,

nevertheless the actual swearing by the affiant must be done before a proper officer, and the requirements of the law as to the manner of administering the oath must be substantially complied with. It is not necessary to determine whether this was done in this case for the reason that we do not think that the purported affidavit was made or filed within the time or manner prescribed by law, so that the circuit court could acquire jurisdiction of the matter.

It is provided by article 7, section 35, of the Constitution that "appeals may be taken from judgments and orders of the probate court under such regulations as may be prescribed by law."

In order to obtain an appeal from an order or judgment of the probate court, it is prescribed by Kirby's Digest, § 1348, as follows:

"Appeals may be taken to the circuit court from all final orders and judgments of the probate court at any time within twelve months after the rendition thereof by the party aggrieved filing an affidavit and prayer for appeal with the clerk of the probate court; and upon the filing of such affidavit the court shall order an appeal at the term at which such judgment or order shall be rendered, or at any term held within twelve months thereafter. The party aggrieved, his agent, or attorney, shall swear in said affidavit that the appeal is taken because he verily believes he is aggrieved and is not taken for the purpose of vexation or delay."

It will be seen from this that the probate court must grant the appeal at a term of the court, and that as a prerequisite to the granting of such appeal it is necessary that an affidavit for appeal must be filed. It is essential that the affidavit for appeal be made and filed before the probate court can grant the appeal, and that the probate court must itself act on such affidavit and prayer for appeal and grant same by an order.

In the case of *Johnson* v. *Duval*, 27 Ark. 599, it was held that an affidavit for appeal is a prerequisite to obtain such appeal from a judgment of the probate court, if the same is not waived or dispensed with; and further that if the appeal is not taken substantially in the manner and within the time prescribed by law it will be dismissed for the want of jurisdiction.

In the case of *Matthews* v. *Lane*, 65 Ark. 419, it was held that, in order to invest the circuit court with jurisdiction upon appeal from the probate court, it is necessary that it appear that the affidavit and prayer for appeal were presented to the probate court, and that the appeal was granted.

In the case of *Neale* v. *Peay*, 21 Ark. 93, it was held that the affidavit and prayer for appeal from a judgment of the probate court do not invest the circuit court with jurisdiction unless the appeal be granted by an order of the probate court. *Crow* v. *Hardage*, 24 Ark. 282; *Hanna* v. *Pitman*, 25 Ark. 275; *Love* v. *McAlister*, 42 Ark. 183.

In the case at bar the instrument purporting to be an affidavit for appeal was never presented to the probate court, and was never acted upon by that court, and no order granting an appeal was made by that court after the filing of that instrument. It therefore follows that the appeal in this case from the judgment of the probate court was not taken substantially in the manner as prescribed by law.

It is urged by counsel for appellee that, inasmuch as the order of the probate court made on April 22, 1907, stated that "counsel for plaintiff prayed an appeal to the circuit court, which was granted," it must be conclusively presumed that all the necessary conditions and prerequisites of the law had been complied with. And this contention is based on the principle that an order or judgment of the probate court cannot be collaterally attacked. But this proceeding was a direct appeal from the order of the probate court.

The direct matter involved in the hearing of the appeal from this order was whether the appeal was taken in the manner prescribed by law. It was not therefore a collateral attack of that order.

The judgment of the circuit court is reversed, and this cause is remanded with directions to dismiss the appeal.