THARP v. BARNETT.

Opinion delivered January 24, 1910.

1.  CIRCUIT COURT—APPEAL FROM PROBATE COURT—PROCEDURE.—Kirby's Digest, § 1348, providing that appeals from the probate to the circuit court may be taken by the party aggrieved filing an affidavit and prayer for appeal, the filing of the affidavit is a prerequisite to the granting of an appeal by the probate court. (Page 265.)

2. SAME—DISMISSAL OF APPEAL—COSTS.—Where the circuit court dismissed an appeal from the probate court for want of jurisdiction, it was error to render judgment for costs of the proceeding. (Page 266.)

Appeal from Independence Circuit Court; *Charles Coffin,* Judge; affirmed, except as to costs.

STATEMENT BY THE COURT.

On the 8th of January, 1909, appellee as one of the heirs at law of Mrs. Eliza Deckard, deceased, filed a petition in the probate court of Independence County, alleging certain facts as causes for the removal of appellant as administrator of the estate of Mrs. Deckard, and praying the court to remove him. The court granted the prayer of the petition, making the following record entry of January 8, 1909, towit:

"It is therefore considered, ordered and adjudged by the court that said John T. Tharp be and he is hereby removed as administrator of said estate, and the letters of administration heretofore granted him on said estate be and the same are hereby revoked, set aside and held for naught. It is further ordered that all court costs be adjudged against the estate, and that a certified copy of this order be served upon the said John T. Tharp forthwith. Thereupon the administrator saves his exceptions to the ruling and decision of the court, and asks that the same be noted of record, which is accordingly done, and said administrator then prayed an appeal to the circuit court of Independence County, which is by the court granted upon the filing of the prayer for appeal and bond required by law."

The appellant on February 17, 1909, filed an affidavit which, after reciting certain proceedings of the probate court and its order removing appellant, concluded as follows: "That said John T. Tharp administrator of said estate of Mrs. Deckard, deceased, states on oath that said appeal is taken because he verily believes that he is aggrieved, and is not taken for the purpose of delay or vexation, but that justice may be done." This was signed by appellant and sworn to on the 11th day of February, 1909.

A transcript of the record containing the above recitals was filed in the office of the clerk of the circuit court March 18, 1909. The appellee moved the circuit court to dismiss the appeal, alleging that the court was without jurisdiction to hear

the cause. The court granted the motion, and entered a judgment dismissing the appeal and adjudging costs in the proceedings against the defendant, and the appellants seeks here to reverse that judgment.

*Samuel A. Moore,* for appellant.

The Constitution and the statutes gave appellant the right to appeal to the circuit court, and that court should have tried the case *de novo.* Const. 1874, art. 7, § § 14, 35; Kirby's Dig., § § 1348, 1351; 27 Ark. 10; 63 Ark. 145; 90 Ark. 219. He has also the right to be heard upon the question of *res judicata*—whether the same subject-matter between the same parties had been heard and decided by the probate court prior to appellee's petition. 74 Ark. 320; 37 Ark. 155; 64 Ark. 1, 6; 75 Ark. 146; 76 Ark. 423.

*Oldfield & Cole,* for appellee.

An affidavit and prayer for appeal must have been filed before the court could grant an appeal. Kirby's Dig., § 1348. The circuit court acquired no jurisdiction unless a regular and proper order granting an appeal to it had been made. In this case the order, made prior to the filing of affidavit and prayer for appeal, was void. 65 Ark. 419; 21 Ark. 94; 9 Ark. 128; 19 Ark. 647; 11 Ark. 665; 25 Ark. 275; 24 Ark. 282; 4 Ark. 444.

WOOD, J., (after stating the facts.) Appeals are taken from the probate court under the following statute:

"Appeals may be taken to the circuit court from all final orders and judgments of the probate court at any time within twelve months after the rendition thereof by the party aggrieved filing an affidavit and prayer for appeal with the clerk of the probate court, and upon the filing of such affidavit the court shall order an appeal." Sec. 1348, Kirby's Digest.

Under this statute, the circuit court was without jurisdiction; for the probate court made the order granting the appeal before any affidavit was filed. This was premature. The order recites that "the appeal is granted upon the filing of the prayer for appeal and bond required by law." There is no order of the court granting the appeal after the affidavit was filed. The filing of the affidavit is a prerequisite to the granting of the appeal by the probate court, and the affidavit must be filed before the

order granting the appeal is made. The statute contemplates that the court rendering the judgment shall pass upon the affidavit and make the order granting the appeal. The clerk of the court has no such power. The court could make no final order granting the appeal until the affidavit and prayer for appeal was filed. "The court shall order an appeal upon the filing of such affidavit."

The language of the statute indicates that the prayer for appeal shall be included in the affidavit. At any rate, the affidavit and prayer both must precede the order granting the appeal. The law is analogous to that governing the procedure in appeals from justice to circuit courts and from circuit courts to this court under similtr statutes. See the following cases: *Matthews* v. *Lane*, 65 Ark. 419; *Merrill* v. *Manees*, 19 Ark. 647; *Hanna* v. *Pitman*, 25 Ark. 275; *Crow* v. *Hardage*, 24 Ark. 282; *Bank of State* v. *Hinchcliffe*, 4 Ark. 444; *Moss* v. *Ashbrooks*, 15 Ark. 169; *Johnson* v. *Hodges*, 24 Ark. 597; *Johnson* v. *Duval*, 27 Ark. 599; *Walker* v. *Noll*, 92 Ark. 148.

These cases show that the judgment of the circuit court dismissing the appeal is correct. But, the circuit court being without jurisdiction, it was error to render judgment for costs of the proceeding. *Neal* v. *Peay*, 21 Ark. 94; *Derton* v. *Boyd*, 21 Ark. 265-8; *McKee* v. *Murphy*, 1 Ark. 55, 58; *Morrow* v. *Walker*, 10 Ark. 569.

The judgment is therefore affirmed as to dismissal of appeal and reversed as to the costs.