### SPEED v. FRY.

#### Opinion delivered May 16, 1910.

COURTS—APPEAL FROM PROBATE COURT.—An order of the probate court granting an appeal is a prerequisite to the right of the circuit court to exercise jurisdiction, and cannot be waived.

Appeal from Independence Circuit Court; *Charles Coffin,* Judge; reversed.

*Samuel M. Casey,* for appellant.

If a guardian in good faith secures the services of an attorney, the court will allow him such sums as he has paid to such attorney. 30 Ark. 520; *Id.* 512. If a minor, after coming of age, gives her guardian a receipt showing that he has paid her all that he was due her, it will, in the absence of fraud, be binding upon the minor. 83 Ark. 226.

*Ernest Neill,* for appellee.

A guardian must have an order of court before he spends his ward's money. Kirby's Dig., § 3792; 63 Ark. 450. The law casts upon the guardian the burden of proving every item of his account which is challenged. 76 Ark. 219.

HART, J. In the year 1901 J. C. Speed was appointed the guardian of his minor child, Effie Speed, who had inherited an estate of the value of $150 from a deceased relative. No further steps were taken in the guardianship until 1908, when J. C. Speed filed his final settlement. Effie Speed, who had become of full age, filed exceptions to the settlement.

At its May term, 1909, the probate court, after hearing the evidence adduced by both parties, found that the guardian was indebted to his ward in the sum of $95.25, and rendered judgment accordingly. On the 18th day of June, 1909, J. C. Speed filed an affidavit for appeal to the circuit court.

Effie Speed married and became Effie Fry, and the case was docketed and tried in the circuit court under her married name. The circuit court rendered judgment in her favor for $126, and J. C. Speed has appealed to this court.

The record shows that J. C. Speed filed an affidavit and prayer for appeal in the usual form to the circuit court, but it does not show that the probate court made an order granting the appeal. This was necessary in order to give the circuit court jurisdiction. Kirby's Digest, § 1348; *Matthews* v. *Lane,* 65 Ark. 420 and cases cited; *Walker* v. *Noll,* 92 Ark. 148.

This court has held that the appellee may waive the want of an affidavit for appeal in the circuit court by failing to move to dismiss. *James* v. *Dyer,* 31 Ark. 489. The reason is that the affidavit and prayer for appeal is a regulation for the sole

benefit of the appellee. But the order of the probate court granting the appeal is a prerequisite to the right of the circuit court to exercise jurisdiction, and for that reason can not be waived. It follows, therefore, that the circuit court should have dismissed the appeal because no order of the probate court granting it was made, and for this error the judgment will be reversed and the cause remanded with directions to the circuit court to dismiss the appeal for want of jurisdiction.