DRAINAGE DISTRICT No. 1 OF CROSS COUNTY *v.* ROLFE.

Opinion delivered December 8, 1913.

1. JUDGMENTS—JURISDICTION OF CIRCUIT COURT—VOID JUDGMENT.— Where the circuit court does not possess jurisdiction of a cause at the time it undertakes to render judgment, the judgment is void. (Page 376.)

2. DRAINAGE DISTRICTS—JURISDICTION OF CIRCUIT COURT.—The circuit court will be held to have been without jurisdiction and a judgment on appeal held to be void, where the record does not disclose, in the matter of the formation of a drainage district, that any of the steps were taken perfecting an appeal from the county to the circuit court. (Page 376.)

3. APPEAL AND ERROR—FORMATION OF DRAINAGE DISTRICT—JURISDICTION OF CIRCUIT COURT.—Where the circuit court was without jurisdiction of a cause on appeal from the county court, the defect of

judisdiction was not waived by a failure to move the court to dismiss the appeal. (Page 378.)

4. APPEAL AND ERROR—JURISDICTION OF CIRCUIT COURT—APPEAL FROM COUNTY COURT.—Where a cause is in the circuit court on appeal from the county court, and the circuit court is without jurisdiction, it may, before rendering judgment, allow an amendment to be brought in from the county court, so as to show the allowance of an appeal, establishing the jurisdiction of the circuit court. (Page 378.)

Appeal from Cross Circuit Court; *Frank Smith,* Judge, on exchange; reversed.

*L. C. Going,* for appellant.

It is manifest by the record that there was no prayer for appeal from the county court, no statement of the matters and things of which the opponents of the drainage district were aggrieved nor any order by the county court granting an appeal. The circuit court had no jurisdiction to render judgment in the cause. 147 S. W. (Ark.) 460, and authorities cited.

*O. N. Killough* and *J. F. Summers,* for appellees.

The county court acquired no jurisdiction in the first instance because of the failure of petitioners to file bond for the amount required by law, giving two freehold sureties on said bond. Kirby's Dig., § 1415, as amended by Acts 1907, p. 278.

The record brought up on *certiorari* shows that a motion for appeal was filed, bond fixed by the county court which was filed, and that the county court granted the appeal. The circuit court had jurisdiction of the appeal.

McCULLOCH, C. J. Drainage District No. 1 of Cross County, Arkansas, was established by an order of the county court of that county made pursuant to a petition of land owners, and all the proceedings appear to have been in conformity with the statutes of this State regulating the establishment of drainage districts. The final order was entered by the county court on June 23, 1911, and thereafter appellees, F. D. Rolfe and others, who were the owners of lands affected by the establishment

of the district, lodged a transcript of the proceedings in the circuit court, where the case was heard as on appeal.

The judgment of the circuit court was rendered on June 25, 1912, the court, finding that the proposed improvement was not practicable, reversed the order of the county court, with directions to enter judgment accordingly against the petitioners for the district.

An appeal was prosecuted to this court, the same being granted by the clerk of this court on March 13, 1913.

The record lodged here, which contains a transcript of the record and proceedings in the county court, does not show anything about the remonstrance of appellees against the formation of the district nor their appeal from the county court, if any was granted, nor any of the steps necessary in taking an appeal, and no question was raised in the trial below as to the defect in the record, and the circuit court proceeded to a trial without objection from any one as if an appeal had been properly taken. This defect in the record was suggested for the first time when appellant's brief was filed, and it is insisted that the circuit court was without jurisdiction and its judgment void because there is no record showing the granting of an appeal or any of the essential steps in that direction.

Since the filing of appellant's brief, appellees obtained an order of the county court, entered *nunc pro tunc,* showing the granting of an appeal on the day the judgment of that court establishing the district was rendered. A copy of that order, together with a copy of the appeal bond and remonstrance against the formation of the district, all duly certified by the clerk of the county court, were filed in the circuit court and have been brought here by writ of *certiorari.*

This was all done, as before stated, since the case has been brought here on appeal.

It appears that an appeal was taken to the circuit court from the last order of the county court entering *nunc pro tunc* the order granting the appeal, and we are

now asked to postpone the hearing of the cause until the record of the circuit court on that appeal can be brought here.

It is unnecessary to further postpone the case, for the reason that none of the record brought up from the county court after the appeal was taken from the circuit court to this court can be considered. The transcript of the county court proceedings can not now be amended so as to bring in matters which were not part of the record in the circuit court at the time that court heard the case. The circuit court could amend its own records in any way necessary to speak the truth, but it can not make a new record of things which did not exist at the time of the trial in that court; nor can we consider on appeal anything that was not a part of the record at that time. This leaves the record without any showing whatever that an appeal was taken to the circuit court from the county court.

The matter of appeals from orders of county courts establishing drainage districts was fully considered by this court in the case of *Drainage District No. 7* v. *Stuart,* 104 Ark. 113, and the necessary steps to perfect an appeal were pointed out. In that case we said:

"Under the statute, the court must grant the appeal, and not the clerk. The order fixing the amount of the bond, which is equivalent to granting the appeal, must be entered, as before stated, at the term when the final order is made establishing the district. * * * These statutory requirements are essential to jurisdiction, and therefore they can not be waived. This is a special statutory proceeding, and, the statute having prescribed the manner in which the appeal shall be taken, it supersedes the general statute upon the subject of appeals from the county court, as contained in section 1487 of Kirby's Digest. The statute prescribing the method for taking appeals in these cases must be followed substantially in order to give the court jurisdiction. The decisions of this court holding that a failure to make a motion to dismiss and to have the circuit court rule on the motion is

a waiver of the affidavit or some other statutory require-
ment for an appeal under the general statutes regulating
appeals can not have any application here, for the reason,
as stated, that this is a special statutory proceeding and
the method prescribed therein is mandatory and juris-
dictional, and can not be waived. * * * The record in this
case fails to show that there was a prayer for an appeal
which was granted by the county court. This court has
often held that, in order to invest a court to which an
appeal is taken with jurisdiction, it is necessary that it
appear that the appeal was prayed for and granted in
the lower court.''

This decision is decisive of the question now before
us, for, if the circuit court did not possess jurisdiction
at the time it undertook to render judgment, the judg-
ment is void.

Nor was the defect of jurisdiction waived by a fail-
ure to move the court to dismiss the appeal. That point
is covered in the opinion in the *Stuart case, supra.* It
may be that the failure to move to dismiss might waive
some of the preliminary steps toward granting an ap-
peal, but, certainly, it would not be a waiver of the entire
absence of anything in the record showing an appeal.

It is unfortunate that the case must be reversed on
this ground, for the additional record brought here con-
cerning the orders of the county court indicates that an
appeal was, in fact, granted; but there is no escape from
the conclusion, if we are to pursue anything like an or-
derly procedure in judicial administration, that the juris-
diction of the circuit court must be tested by the contents
of the record as it stood when the case was tried.

It would be an exercise of original jurisdiction for
us to go back to the record of the county court now to
ascertain what it disclosed, or should have disclosed, at
the time the case was on trial in the circuit court.

The circuit court, while the case was pending there,
might have allowed an amendment to be brought in from
the county court so as to show the allowance of an ap-
peal, thus establishing the jurisdiction of the circuit court

to review the proceedings; and when the case is remanded it is still within the power of the circuit court to allow the record of the county court to be amended so as to show the necessary jurisdictional facts.

The judgment must, therefore, be reversed, but inasmuch as the record brought here indicates to us that the necessary amendment has been made in the county court and can be added to the record of the circuit court, the cause will be remanded for further proceedings if the jurisdiction of the court is properly shown upon the corrected record. It is so ordered.

SMITH, J., not participating.