WILLIAMS *v*. BOWEN, EXECUTOR.

Opinion delivered October 26, 1914.

APPEAL—APPEAL FROM PROBATE COURT—PREREQUISITES—WAIVER—Where an effort was made to perfect an appeal from the probate court to the circuit court, but the record does not show any presentation of an affidavit or prayer for appeal to the probate court, or any order of that court granting an appeal, it will be held that the circuit court acquired no jurisdiction, and the failure of the probate court to make an order granting an appeal is a prerequisite to its jurisdiction which can not be waived.

Appeal from Mississippi Circuit Court, Osceola District; *A. F. Barham*, Special Judge; reversed.

*J. T. Coston*, for appellants.

There was no appeal granted by the probate court, and the circuit court had no jurisdiction to try the case. The order granting the appeal could not be waived. 128 S. W. (Ark.) 855.

*Appellees, pro se.*

Appellants entered their appearance generally and went to trial on the merits of the case in the circuit court.

They, therefore, waived any defect or want of process, and any question of jurisdiction. 3 Cyc. 155; *Id.* 519-20, 524-5; 2 Ark. 33; *Id.* 26; 5 Ark. 424; 34 Ark. 409; 56 Ark. 241; 1 Ark. 376; 22 Ark. 356; 95 Ark. 302. .

McCULLOCH, C. J. Appellants are children and legatees under the last will and testament of L. D. Rozzell, late of Mississippi County, Arkansas, and instituted this proceeding in the probate court for a distribution of some property bequeathed to appellants in the will. The executor and the other children and legatees resisted the order and there was a trial in the probate court upon the issue presented, which resulted in a judgment favorable to appellants. The executor and the other legatees attempted to prosecute an appeal to the circuit court. They filed an affidavit and the transcript of the proceedings was lodged in the circuit court, but the record does not show any presentation of the affidavit or prayer for appeal to the probate court, or any order of that court granting an appeal.

No motion was made below to dismiss the appeal on account of there being no order of the probate court granting it, but the cause proceeded to trial before the court sitting as a jury and the judgment of the court was against the petitioners, who appealed to this court. They raise here for the first time the question of the court's jurisdiction on account of there being no order of the probate court granting an appeal, and insist that the judgment of the circuit court should be reversed for lack of jurisdiction. On the other hand, it is insisted by appellees that this omission was waived by the parties proceeding to a trial without moving to dismiss the appeal.

This question was expressly decided by this court in the case of *Speed* v. *Fry*, 95 Ark. 148, where we said that "the order of the probate court granting the appeal is a prerequisite to the right of the circuit court to exercise jurisdiction, and for that reason can not be waived." Other decisions of this court bearing on that question are cited in the opinion.

In the later case of *Drainage District No. 1 v. Rolfe,* 110 Ark. 374, we held, under a statute prescribing methods for appeals from county courts in the matter of formation of drainage districts, that where there was no order of the county court granting the appeal, appearance in the circuit court without objection to the jurisdiction would not operate as a waiver, and that a judgment of the circuit court under those circumstances would be reversed, even though the question of jurisdiction was raised here for the first time.

It follows that the circuit court was without jurisdiction, and that the judgment must be reversed. The case will not be dismissed here, for the reason that if an order of the probate court was in fact made, the omission from the transcript can be supplied so as to give the court jurisdiction to proceed to another trial of the cause. If, however, the omission be not supplied, it will be the duty of the circuit court to dismiss the appeal for want of jurisdiction.

Reversed and remanded for further proceedings not inconsistent with this opinion.