## MISSISSIPPI COUNTY *v.* MOORE.

### Opinion delivered December 4, 1916.

1. APPEALS FROM COUNTY COURT—MUST BE GRANTED HOW.—A claim against the county was refused by the county court. An affidavit for appeal to the circuit court was filed, but the record did not contain any order of the county court, or of the circuit court granting an appeal. *Held,* the circuit court was without jurisdiction to hear the appeal.

2. APPEALS FROM COUNTY COURT—HOW GRANTED.—Under Kirby's Digest, § 1487, appeals are granted as a matter of right from all final orders of the county court, by the court rendering the judgment, or by the circuit clerk.

Appeal from Mississippi Circuit Court, Osceola District; *W. J. Driver,* Judge; reversed.

*Lamb & Rhodes,* for appellant.

1. No appeal was granted to the circuit court. Kirby's Digest, § 1487.

2. There was no authority for any one to incur this expense in behalf of the county. Kirby's Digest, § 1458; 102 Ark. 144.

HART, J. In July, 1915, the sheriff of Mississippi county was killed in an effort to capture certain persons engaged in gambling and the illegal sale of intoxicating liquors on an island in the Mississippi River. Tony Hill, one of the persons captured, was badly wounded. W. H. Moore, a deputy sheriff who was in the raid, took Hill to his house and guarded him and filed a claim against the county for $120 for boarding and guarding him. The county refused to allow his claim and Moore filed an affidavit for appeal to the circuit court, but the record does not contain any order of the county court or of the circuit clerk granting the appeal. The circuit court allowed the claim and Mississippi county has appealed.

Section 1487 of Kirby's Digest provides that appeals shall be granted as a matter of right from all final orders of the county court by the court rendering a judgment, as in *Drainage District No. 1* v. *Rolfe,* 110

Ark. 374, and *Chicago Mill and Lumber Co.* v. *Drainage District*, 117 Ark. 292, or by the circuit clerk as in *Jones* v. *Coffin*, 96 Ark. 332.

Section 1348 of Kirby's Digest provides that appeals to the circuit court from the probate court shall be granted by the probate court. In construing this statute in the case of *Speed* v. *Fry*, 95 Ark. 148, the court held that the order of the probate court granting the appeal is a prerequisite to the right of the circuit court to exercise jurisdiction, and for that reason can not be waived. This rule was reaffirmed in the case of *Williams* v. *Bowen, Executor*, 116 Ark. 266. In that case no motion was made in the circuit court to dismiss the appeal on account of there being no order of the probate court granting it, and the court held that it was the duty of the circuit court to dismiss the appeal for want of jurisdiction. We quote from the opinion as follows:

"In the later case of *Drainage District No. 1* v. *Rolfe*, 110 Ark. 374, we held, under a statute prescribing methods for appeals from county courts in the matter of formation of drainage districts, that where there was no order of the county court granting the appeal, appearance in the circuit court without objection to the jurisdiction would not operate as a waiver, and that a judgment of the circuit court under those circumstances would be reversed, even though the question of jurisdiction was raised here for the first time." For like reason the circuit court should have dismissed the appeal in the present case for want of jurisdiction, and for the error in not doing so, the judgment must be reversed and the cause of action will be dismissed. It is so ordered.