TORRENCE *v.* BENTON.

4-3564

Opinion delivered October 29, 1934.

*S. F. Morton,* for appellants.
*W. R. Benton, pro se.*

MEHAFFY, J. On March 30, 1933, W. W. Torrence and Sophronia Torrence presented their claim for $416 against the estate of Elizabeth Jordan, deceased, in due form to W. R. Benton, administrator, for allowance and classification. The claim was disallowed by the administrator, and notice waived, and claim presented to the probate court for allowance and classification. There was a trial by a jury in the probate court, and a verdict and judgment in favor of claimants for the amount of said claim.

On May 4, 1933, the appellee filed with the clerk of the Dallas County Probate Court an affidavit and prayer for appeal. There is no evidence showing that an appeal was ever allowed by the probate court.

On November 21, 1933, there was a trial before a jury in the Dallas County Circuit Court, and judgment rendered for appellee. It is the contention of the appellants that this judgment is void, because the circuit court never acquired jurisdiction of the case. The only question therefore for our determination is whether the circuit court had jurisdiction.

The appellant cites § 2258 of Crawford & Moses' Digest, which provides, among other things, that the probate court shall order an appeal.

Attention is called to the case of *Matthews* v. *Lane*, 65 Ark. 419, 46 S. W. 946. In that case there was a motion filed to dismiss the appeal, and the court held that no appeal had been granted, and the appeal was thereupon dismissed. It appears from the above case that no appeal was granted, and the court correctly held that it should be dismissed.

This court has repeatedly held that, in order to give the circuit court jurisdiction, the probate court must grant the appeal.

In the case of *Speed* v. *Fry*, 95 Ark. 148, 128 S. W. 854, the court held that the granting of the appeal by the probate court was a prerequisite to the right of the court to exercise jurisdiction. In that case the claim was for $95.25. This amount was not sufficient to give the circuit court original jurisdiction.

In all matters of contract, the justice of the peace court has jurisdiction exclusive of the circuit court, where the amount in controversy does not exceed $100. In matters of contract where the claim is less than $100, the circuit court has no jurisdiction.

In the case of *Miller* v. *Oil City Iron Works*, 184 Ark. 900, 45 S. W. (2d) 36, the probate court had granted the appeal, but it was contended that it had not been granted within the time allowed by law. Moreover, there was a motion made to dismiss the appeal because not taken in time, and this court said: "The record does not show

whether or not any evidence was introduced on the motion in the circuit court; and, in the absence of such showing from which this court might determine whether or not the circuit court abused its discretion in overruling the motion to dismiss, every presumption that it was correct must be indulged.''

The question we have now was not involved in that case, because there the court granted the appeal.

If the case is such that the probate court has exclusive original jurisdiction, and the circuit court does not have original jurisdiction, then, under the decisions of this court, the appeal must be granted by the probate court, or the circuit court will acquire no jurisdiction. On the other hand, if the circuit court has original jurisdiction of the subject-matter, and the parties appeal and do not object to jurisdiction, they will be bound by the judgment rendered by the circuit court.

In this case the claim was for $416, and the circuit court had jurisdiction of the subject-matter. The parties appeared, tried the case, no objection was made to the jurisdiction of the court, and the judgment rendered was binding on the parties.

There is no question but what the circuit court had jurisdiction of the subject-matter. It is true that our statute says that a suit is begun by filing a complaint, and causing a summons to be issued. While a suit is begun in this manner, it does not follow that the case may be tried, because the summons might never be served, and the court might not acquire jurisdiction of the person.

We recently said: ''A defendant appearing specially to object to the jurisdiction of the court must, as a general rule, keep out of the court for all other purposes. In other words, he must limit his appearance to that particular question, or he will be held to have appeared generally and to have waived his objection. If he takes any step consistent with the hypothesis that the court has jurisdiction of the cause and the person, such special appearance is converted into a general one, whether it is limited in its terms to a special purpose or not.'' *Fed-*

*eral Land Bank of St. Louis* v. *Gladish,* 176 Ark. 267, 2 S. W. (2d) 696.

The court also said in the above case: "But one cannot come into court, assert a claim, ask the court for affirmative relief, and then, when there is an adverse judgment, claim that the court had no jurisdiction over his person. If this could be done, the appellant would have the opportunity and advantage of prosecuting its claim and, in case it recovered judgment, it could collect, and at the same time take no chances of a judgment against itself."

What we have said applies in cases where the circuit court has original jurisdiction of the cause of action. If the circuit court's jurisdiction depended on the jurisdiction of the lower court, then no jurisdiction would be acquired by the circuit court unless the appeal was allowed by the probate court.

The Ohio court said, in a case appealed from the probate court: "It does not appear that any objection was made because of any lack of jurisdiction in the circuit court to hear and determine the issue, nor was there any objection respecting the way in which the controversy reached that court. Indeed, it seems to be conceded that the circuit court is a court of general jurisdiction, thus possessed of power to pass upon its own jurisdiction, having also chancery powers; and such we understand to be the fact. The parties, therefore, were then in a court which, according to the theory of plaintiffs in error, was such a court as should have been resorted to in the first instance. In that court the parties joined issue, and the cause went forward to final judgment. How can the parties who then entered their appearance at the trial and submitted their controversy be heard now to dispute the jurisdiction of that court? We think they cannot. That the cause got into that court by appeal from a court which had not jurisdiction of it (if that be the case), rather than by original pleadings and process, was, after all, but an irregularity, not affecting any substantial right, and one which was waived." In re *Crawford,* 68 Ohio St. 58, 67 N. E. 156, 96 Am. St. Rep. 648.

"Within its limitations respecting subject-matter, a Federal court is a court of general jurisdiction. If organic power to hear the controversy exists, it is immaterial when or how the parties get into court; it is enough if they do come in and waive all preliminaries to the submission of their controversy. And so we deem in point those authorities from State courts which hold that, although the trial court acquired no jurisdiction by the removal of the case on appeal from an inferior court, yet, the trial court having jurisdiction of the subject-matter, the judgment would be sustained because the parties had voluntarily joined in submitting their controversies for decision." *Toledo, St. L. & W. R. Co.* v. *Perenchio,* 205 Fed. 472.

"Where a cause of action is within the general jurisdiction of a court, the voluntary appearance of the parties and submission of the cause on its merits confers jurisdiction to try the issues presented." *Rio Vista Mining Co.* v. *Superior Court of Plumas County,* 187 Colo. 1, 200 Pac. 616.

"It is also a well-established rule that, in cases appealed from an inferior court to a superior court having appellate jurisdiction only, the appellate court acquires such jurisdiction as the inferior court had. * * * In cases of this kind the weight of authority holds that where parties on appeal to a court having original jurisdiction of the subject-matter of the action have, without objection, as in the case at bar, submitted their controversy to the court for trial and adjudication, and the cause proceeds to trial and final judgment, they will be held to have waived their right to object to the jurisdiction of the court to which the appeal is taken." *Burt & Carlquist Co.* v. *Marks,* 53 Utah 77, 177 Pac. 224.

It appears that the weight of authority is to the effect that where the circuit court has original jurisdiction of the subject-matter, and the parties appear and try their cases without objection, it is immaterial how the court acquired jurisdiction. *Purnell* v. *Nichol,* 173 Ark. 496, 292 S. W. 686.

The judgment of the circuit court is affirmed.

BAKER, J., (dissenting). The opinion of the court is not supported by authority. It would seem from an analysis of the opinion that the amount sued for, $416, an amount that is within the jurisdiction of the circuit court, is the controlling factor in a determination of the validity of the judgment, appealed from to this court.

The circuit court would have jurisdiction of the amount when that jurisdiction is properly invoked, either by the filing of a suit in the circuit court, according to the usual or statutory processes provided by law, or that jurisdiction may be invoked by an appeal, in cases of this kind, from an order of the probate court.

Sections 34 and 35, article 7 of the Constitution of 1874, are as follows:

§ 34. "The judge of the county court shall be the judge of the court of probate, and have such exclusive original jurisdiction in matters relative to the probate of wills, the estates of deceased persons, executors, administrators, guardians and persons of unsound mind and their estates as is now vested in the circuit court, or may be hereafter prescribed by law. The regular terms of the court of probate shall be held at the times that may hereafter be prescribed by law.

§ 35. "Appeals may be taken from judgments and orders of the probate court to the circuit court under such regulations and restrictions as may be prescribed by law." These constitutional provisions and § 2258 of Crawford & Moses' Digest, which is the statute governing appeals from the probate court, provide a method of invoking the jurisdiction of the circuit court upon an appeal from an order and judgment of the probate court. It is exclusive.

Said § 2258 is as follows:

"Appeals may be taken to the circuit court from all final orders and judgments of the probate court at any time within twelve months after the rendition thereof by the party aggrieved filing an affidavit and prayer for appeal with the clerk of the probate court, and upon the filing of such affidavit the court shall order an appeal at the term at which such judgment or order shall be rendered, or at any term within twelve months thereof.

The party aggrieved, his agent or attorney, shall swear in said affidavit that the appeal is taken because he verily believes that he is aggrieved, and is not taken for the purpose of vexation or delay. And any heir, devisee, legatee or judgment-creditor of an estate, who feels aggrieved, may at any time within six months after the rendition thereof prosecute an appeal to the circuit court from any final order or judgment of the probate court by filing an affidavit and prayer for appeal with the clerk of the probate court together with a bond to pay the costs of the appeal if the judgment of the probate court is affirmed, and upon the filing of such affidavit and [bond] for the cost to be approved by the clerk, the court shall make an order granting the appeal at the term at which said judgment or final order shall be rendered or at any term within six months thereafter. And any such heir, legatee, devisee or judgment-creditor of an estate may likewise, upon executing bond for costs, prosecute an appeal to the Supreme Court from the circuit court.''

The instant case is distinguished in the opinion from the case of *Speed* v. *Fry,* 95 Ark. 148, 128 S. W. 854, by reason of the fact that in the Speed case the amount involved was $95.25, which was not sufficient to give the circuit court original jurisdiction. Therefore, it must have reached the circuit court, if at all, by proper appeal.

In the case of *Matthews* v. *Lane,* 65 Ark. 419, 46 S. W. 946, there was a motion filed to dismiss the appeal. But both these cases reached the Supreme Court by appeals from judgments of the circuit court in which the parties in each case took part in the trials.

In the case of *Miller* v. *Oil City Iron Works,* 184 Ark. 900, 45 S. W. (2d) 36, it was contended that the appeal had not been granted within the time allowed by law, and the motion was filed in that case to dismiss the appeal because it was not taken in time. The circuit court overruled that motion, and, the evidence offered upon the motion not having been brought forward in the bill of exceptions, the Supreme Court had to indulge the presumption that the trial court was correct, and it furnishes no authority or basis for the new theory advanced in this case.

In the case of *Matthews* v. *Lane, supra,* the note sued on was for $1,000 and was filed for allowance in the probate court. The claim was disallowed in the probate court, and Matthews attempted to appeal to the circuit court, and there, upon motion of Lane, his appeal from the probate court was dismissed. Matthews did not take proper steps to bring up the record to show his appeal was proper, but he appealed from the order of the circuit court, dismissing his appeal. Lane's motion to dismiss the appeal is not set out in this case, but, if the suit had been filed in the circuit court originally, and Lane had filed a motion to dismiss for want of jurisdiction, it would have been an entry of appearance, and he would have then been required to answer.

In the case of *Tharp* v. *Barnett,* 93 Ark. 263, 124 S. W. 1027, this court construed the section providing for appeals in probate court, using this language: "The law is analogous to that governing the procedure in appeals from justice to circuit courts and from circuit courts to this court under similar statutes." The court held further in that case that the circuit court being without jurisdiction, it was error to render judgment for costs.

Causes rightfully originating in the probate court may reach the circuit court only by appeal. To that proposition we all agree.

In the case of *Walker* v. *Noll,* 92 Ark. 148, 122 S. W. 488, a formal affidavit was tendered by the attorney, who handed to the probate clerk an affidavit, proper in form, signed by himself with the remark: "I will swear to this," and without further formality left the office. The circuit court held this affidavit sufficient and tried the case upon its merits. This court reversed that case, for the reason that the appeal was not perfected under the provisions of the statute governing appeals from the probate court to the circuit court and upon the theory that the affidavit was not properly presented to the court, and that no order granting an appeal was made after the filing of that instrument. The amount in controversy in that case is not shown by the opinion. It seems not to have made any difference. The court said: "The direct

matter involved in the hearing of the appeal from this order was whether the appeal was taken in the manner prescribed by law. It was not therefore a collateral attack of that order." This court reversed that case with directions to dismiss the appeal. Numerous cases of this court have held that the affidavit and prayer for appeal from the judgment of the probate court do not invest the circuit court with jurisdiction unless the appeal be also granted by the probate court. *Neale* v. *Peay,* 21 Ark. 93; *Crow* v. *Hardage,* 24 Ark. 282; *Hanna* v. *Pitman,* 25 Ark. 275; *Love* v. *McAlister,* 42 Ark. 183.

In the case of *Speed* v. *Fry,* 95 Ark. 148, 128 S. W. 854, Justice HART said this: "The record shows J. C. Speed filed an affidavit and prayer for appeal in the usual form to the circuit court, but it does not show that the probate court made an order granting the appeal. This was necessary in order to give the circuit court jurisdiction." Citing Kirby's Digest, § 1348; *Matthews* v. *Lane, supra.*

"This court has held that the appellee may waive the want of an affidavit for appeal in the circuit court by failing to move to dismiss. *James* v. *Dyer,* 31 Ark. 489. The reason is that the affidavit and prayer for appeal is a regulation for the sole benefit of the appellee. But the order of the probate court granting the appeal is a prerequisite to the right of the circuit court to exercise jurisdiction, and for that reason cannot be waived. It follows, therefore, that the circuit court should have dismissed the appeal because no order of the probate court granting it was made, and for this error the judgment will be reversed, and the cause remanded with directions to the circuit court to dismiss the appeal for want of jurisdiction." In that case there is no showing that any motion was ever made to dismiss the appeal in the circuit court.

It is true this was an appeal from a case in which the probate court had exclusive jurisdiction, a matter of the guardian's settlement, but the parties entered upon a trial in the circuit court without objection, as in the instant case. A judgment was rendered for $126, and Speed appealed to this court. He was also the ap-

pellant from the probate court. He attempted to invite the jurisdiction of the circuit court, the appellee tried the case there with him, was satisfied with it, did not raise the question of jurisdiction, and this question was apparently raised for the first time in the Supreme Court.

In the case of *Williams* v. *Bowen,* 116 Ark. 266, 170 S. W. 221, in a controversy over a will, in which the probate court, of course, had exclusive original jurisdiction, the executor and other legatees, as stated by Chief Justice McCulloch, attempted to prosecute an appeal to the circuit court. They filed an affidavit with a transcript of the proceedings and lodged them in the circuit court, but the record did not disclose any affidavit or prayer for appeal to the probate court, or any order of that court granting an appeal. No motion was made below to dismiss the appeal, but the cause proceeded to trial before the court sitting as a jury, and it was insisted, for the first time, in the Supreme Court, that the judgment of the circuit court should be reversed for lack of jurisdiction, and it was urged by the appellees that this objection was waived by the parties proceeding to trial without moving to dismiss the appeal. The Chief Justice certainly had in mind that there was but one method of appealing from the probate court when he wrote the opinion. He says: "This question was expressly decided by this court in the case of *Speed* v. *Fry, supra,* where we said that 'the order of the probate court granting the appeal is a prerequisite to the right of the circuit court to exercise jurisdiction, and for that reason cannot be waived.' Other decisions of this court bearing on that question are cited in the opinion." He also cited the case of *Drainage District No. 1* v. *Rolfe,* 110 Ark. 374, 161 S. W. 1034. That case was tried in the circuit court on appeal from the county court and in that case the matter of jurisdiction was raised in the Supreme Court for the first time. It is true that in *Williams* v. *Bowen, supra,* and *Drainage District No. 1* v. *Rolfe, supra,* original exclusive jurisdiction was in the probate court and county court, respectively.

In the case of *Mississippi County* v. *Moore,* 126 Ark. 211, 190 S. W. 110, Justice HART, in reversing the case, in his discussion said in argument: ''Section 1348 of Kirby's Digest provides that appeals to the circuit court from the probate court shall be granted by the probate court. In construing this statute in the case of *Speed* v. *Fry, supra,* the court held that the order of the probate court granting the appeal is a prerequisite to the right of the circuit court to exercise jurisdiction, and for that reason cannot be waived. This rule was reaffirmed in the case of *Williams* v. *Bowen, supra.* The court held that it was the duty of the circuit court to dismiss the appeal for want of jurisdiction.''

With all deference to the greater experience of my associates, the writer begs leave to offer the following suggestions:

The jurisdiction of courts in this State is fixed by the Constitution and the laws of the State. It is not sufficient to say that the circuit court has jurisdiction of a certain class of cases merely because the amount, as fixed by the Constitution or law, is sufficient. There are always steps to be taken by one who wishes to invoke that jurisdiction. In the circuit court there must first be filed a complaint. The defendant may be brought in by service or process, or he may enter his appearance. On appeals from justice of the peace courts, municipal courts, probate and county courts, certain things must be done to invoke or call into action the jurisdiction of the circuit court. The circuit court can no more act upon these appeals unless proper steps are taken to invoke the exercise of that appellate jurisdiction by the circuit court, than it can in cases in which it has original or exclusive jurisdiction without proper procedure.

The statute prescribes a definite, certain, and complete method of perfecting appeals from the probate court. Unless this method be substantially followed, the circuit court is without power to exercise that jurisdiction. If there be an exception, it would have, in all probability, been suggested at some time.

We are saying now, in this opinion the writer is criticising, that one who desires to take advantage of

the fact that an appeal was not granted by the probate court must carefully prepare his motion, objecting solely to jurisdiction and reserving his rights thereunder, or he will be deemed to have entered his appearance and must go to trial, provided the amount in controversy be in excess of $100. In all of these appeal cases heretofore determined in this court, a motion to dismiss has been treated as the proper pleading, but by this new method of appeal, if it be an appeal, one dare not make a motion to dismiss without specially reserving his rights, for, if he should fail to do so, it will be treated as an entry of appearance. We so held in a *per curiam* opinion rendered in the case of *Crain* v. *St. Francis Levee District, ante* p. 721, and cited as authority therefor *Federal Land Bank* v. *Gladish,* 176 Ark. 267, 2 S. W. (2d) 696. Such must be the ultimate result of the opinion in this case when it is followed as a guide for future procedure.

It is unnecessary to cite authorities showing that the probate court is a court of superior jurisdiction. In the probate court a judgment was rendered. Under the statute there has been no appeal prayed for or granted, and that judgment is necessarily in force and effect. In the circuit court of Dallas County another judgment has been rendered on the same cause of action. Under the opinion rendered, that judgment is valid, and it must be conceded that it was not rendered on appeal from the probate court, because the decision is based upon the proposition of the original jurisdiction of the circuit court and not upon the matter of appellate jurisdiction from the probate court.

We therefore have the anomalous situation of two judgments relating to the same subject-matter. The first of which is impervious to collateral attack. It has not been attacked by appeal. The time to appeal from the judgment has probably expired. The second judgment, that of the circuit court, has no more vital force than the probate court judgment. The supervising power of the circuit court is exercised by appeal. The circuit court has no more power to reach over into the probate court and settle this controversy than has the probate court to pluck from the files of the circuit court the cause

pending there. Shall we now create a new remedy, judicial in character, to correct this obvious error?

It is of no importance to the public generally as to how this case is settled. It is of the greatest importance to the members of the legal profession and to their clients to understand whether we shall follow the time-honored processes prescribed by statute. The circuit court should have dismissed the purported appeal upon its own motion. A failure to do that did not, and could not, give jurisdiction. We are dealing with a shadow that had no substance to produce it.

Mr. Justice BUTLER concurs.