BRYANT TRUCK LINES, INC., v. SILVER FLEET OF MEMPHIS, TENN., INC.

4-4163

Opinion delivered February 24, 1936.

*Horace Sloan,* for appellant.

*Bruce Ivy, James W. Wrape* and *Myron T. Nailling,* for appellee.

JOHNSON, C. J. Appellant, Bryant Truck Lines, Inc., is a Missouri corporation, engaged in the transportation

of property for hire. Appellee, Silver Fleet of Memphis, Tenn., Inc., is a Tennessee corporation engaged in business similar to that of appellant. On October 6, 1934, appellant's and appellee's respective truck and trailer attachments, while traveling U. S. Highway No. 61 in opposite directions, collided at a point in the State of Missouri, and both trucks and trailer attachments were greatly damaged. This suit was instituted by appellee against appellant in the Mississippi Circuit Court to compensate the damage to its truck and trailer, caused by the collision. The gravamen of appellee's complaint was that appellant's truck driver negligently negotiated its truck into appellee's truck and trailer, thereby damaging them in the sum of $2,500. A summons was issued upon the complaint thus filed, which was served by the sheriff of Mississippi County upon appellant's designated agent for service in this State. This service was obtained in Mississippi County. Appellant moved the trial court to quash the service of summons and return thereon because the parties plaintiff and defendant were foreign corporations, and that the cause of action arose in the State of Missouri; and that appellant does not maintain a principal place of business or branch office in Mississippi County. The motion to quash being overruled by the trial court, appellant answered the complaint by general denial, and thereupon filed its cross-complaint against appellee, alleging that appellee's truck driver negligently negotiated its truck and trailer into appellant's truck and trailer and thereby damaged same in the sum of $1,250.

Upon trial to a jury, appellee succeeded, and its damages were assessed at $1,750, which was subsequently reduced by the trial court to $1,650, and this appeal comes from a consequent judgment.

The testimony adduced by the respective parties is in irreconcilable conflict as to the proximate cause of the collision, and it would serve no useful purpose to set it out in detail. The respective drivers of the trucks endeavored to lay the blame for the collision upon the other, and each driver is sustained in his partisan view by other testimony. This will suffice to show that appel-

288

lant's contention that the verdict of the jury is not sustained by substantial testimony is without merit.

Appellant's next contention for reversal is that the circuit court of Mississippi County did not have jurisdiction to hear and determine the cause of action set forth in appellee's complaint because: first, that appellant has no principal place of business or branch office in Mississippi County; and, second, that both appellant and appellee are foreign corporations, and that, the cause of action having arisen in a foreign State, the courts of this State should not entertain jurisdiction.

Appellant is in no position to invoke the doctrine asserted. By the filing of its cross-complaint against appellee for damages to its truck and trailer in the collision which occurred in the State of Missouri, appellant has invoked the jurisdiction of the courts of this State and thereby has waived any and all irregularities in the service of process and the jurisdiction of the courts. *Federal Land Bank* v. *Gladish*, 176 Ark. 267, 2 S. W. (2d) 696; *Torrence* v. *Benton*, 189 Ark. 963, 76 S. W. (2d) 74.

Next appellant urges that prejudicial error was committed by the admission of certain testimony in reference to the physical condition of one of appellant's truck drivers several hours before the collision. Conceding, without deciding, that this testimony was inadmissible, it by no means follows that the error was prejudicial. The trial court expressed the view, in the presence and hearing of the jury, that the testimony was inadmissible unless the jury should find that the same driver was driving the truck at the time of the collision. No effort was made to effect this connection, and the incident passed out of the case.

Finally, appellant contends that the damages awarded by the court and jury are excessive. We have concluded that this assignment is well taken. Mr. Schilling, the president of appellee corporation, testified that the market value of his company's truck, immediately prior to the collision, was $800 or $900, and that his company received $150 for it in a subsequent exchange for a new truck. This testimony demonstrated that appellee

was not damaged in excess of $700 by reason of the destruction of its truck. The testimony also reflected that the market value of appellee's trailer, immediately prior to the collision, was $900, and that subsequent thereto its market value was $300. This testimony reflected a net loss upon the trailer of $600. From this it appears that appellee's damages could not have exceeded $1,300, and to this sum the judgment will be reduced.

No error appearing, save in the amount of the award, which may be cured by a remittitur here, the judgment is reduced and affirmed.