CARPENTER *v.* HAZEL.

## Opinion delivered April 9, 1917.

1. ATTORNEY'S FEES—LIEN.—Act 1909, p 892, giving a lien for attorney's fees has no application to suits by an administrator for the benefit of an estate or a decedent.

2. ADMINISTRATION—ATTORNEY'S FEES—SUIT FOR ADMINISTRATOR.—An amount paid to an attorney for conducting litigation for the benefit of an estate is a part of the expenses of administration and payment of the amount is a distribution of a part of the assets of the estate. It is a part of the jurisdiction of the probate court, which is exclusive over that subject, and no other court can invade that jurisdiction.

3. ADMINISTRATION—CONTRACT WITH ATTORNEY.—A contract by an administrator with an attorney to bring an action for the estate, constitutes the administrator's own undertaking, for which he alone is responsible, although it is within the province of the probate court to make an allowance to the administrator as a part of the expense of administration.

4. ATTORNEY'S FEES—SUIT FOR ADMINISTRATOR—JURISDICTION OF CIRCUIT COURT.—The circuit court is without jurisdiction to adjudicate the amount due an attorney who has brought an action for an administrator for the benefit of the estate, or to declare a lien in the attorney's favor.

5. ADMINISTRATION—SUIT FOR BENEFIT OF ESTATE—FUNDS COLLECTED—ATTORNEY'S FEES.—The administrator of an estate employed an attorney, C., to bring an action in his name for the benefit of the estate. C. recovered judgment and certain funds were paid to the clerk of the circuit court. *Held*, these funds belonged to the estate and could be distributed only by the probate court.

*Appeal from Poinsett Circuit Court, First Division; W. J. Driver, Judge; affirmed.*

*C. T. Carpenter* and *H. P. Maddox,* for appellant.

The circuit court had jurisdiction to enforce the lien. The statute is conclusive. Kirby's Digest, § 4458.

*J. G. Waskom* and *Mardis & Mardis,* for appellee.

1. The circuit court had no jurisdiction to enforce the lien. Section 4458, Kirby's Digest, is not applicable here. 61 Ark. 410; 62 *Id.* 223; 65 *Id.* 437; 64 *Id.* 438; 34 *Id.* 204.

The attorney must look to the administrator who employed him for compensation. Cases *supra.*

McCulloch, C. J. Mary Person, a negress, was killed at Marked Tree, Arkansas, by a train operated by the receivers of the St. Louis & San Francisco Railroad Company, and letters of administration on her estate were issued by the clerk of the probate court of Poinsett County to J. B. Phillips, who gave bond and took charge of the estate. Phillips, as such administrator, entered into a written contract with appellant C. T. Carpenter, an attorney at law, to bring suit against the operators of the railroad and recover damages sustained by the estate on account of the death of said decedent, and in the contract stipulated that appellant should receive a certain portion of the amount recovered as compensation for his services. Appellant instituted the action in the name of the administrator to recover damages for the benefit of the estate, and a consent judgment was rendered in favor of the plaintiff against the defendant receivers of the railroad to recover damages in the sum of $1,750, which sum was by the receivers paid over to the clerk of the circuit court, where the judgment was rendered.

The contract between appellant and the administrator was not authorized nor approved by the probate court, nor did the probate court approve the issuance of letters of administration to Phillips, but on the contrary, when the action of the clerk came up for confirmation at the next term, the probate court rejected the appointment made by the clerk in vacation and made an order

appointing M. W. Hazel as administrator of said estate. The suit against the receivers had, however, been prosecuted to a consent judgment in the name of Phillips as administrator. At a subsquent term of the circuit court, while the funds paid over to the clerk on the judgment still remained in the hands of that officer, appellant filed a petition setting forth his contract with Phillips as administrator and praying that a lien be declared in his favor for the amount earned under the contract, and that the clerk be ordered to pay his portion of the recovery over to him. Hazel as administrator intervened for the purpose of resisting the prayer of appellant's petition and upon the hearing the circuit court decided that it had no jurisdiction to enforce the lien of the attorney against the estate and ordered the clerk to pay over the funds to Hazel as the administrator of said estate. An appeal from that order has been duly prosecuted.

We have no question before us of the right of an attorney to enforce in the circuit court a lien for services for recovering judgment in an action brought by an administrator for the benefit of the next of kin pursuant to the provisions of section 6290, Kirby's Digest, the statute patterned after Lord Campbell's Act. We find it unnecessary to express an opinion on that question. The record before us, as abstracted, shows that the action was instituted by the administrator for the benefit of the estate. The only suggestion in the record about the next of kin having an interest in the result of the action is that before the appointment of the administrator "a family council" was held and the heirs of Mary Person agreed that Phillips should be appointed administrator and S. M. Anderson should be appointed as guardian of an infant heir, and that appellant should be employed as attorney. We accept, however, the unqualified statement in the record that the suit was for the benefit of the estate, and can not assume that it was in whole or in part for the benefit of the next of kin. Nor is there any question involved here of enforcing a lien where the heirs of a

deceased intestate have paid the debts of the estate and sue to enforce liability in favor of the estate. The statute giving the right of the heirs to maintain an action under those circumstances is expressly limited to cases where "all persons interested as distributees of the estate of such intestate are of full age." Kirby's Digest, § 15. The statute is exclusive, and an action can only be maintained when the distributees are of full age. *Chisholm* v. *Crye,* 83 Ark. 495.

The statutes of this State provide that the compensation of an attorney for his services shall be "governed by agreement, express or implied, which is not restrained by law;" that from the commencement of the action or proceedings the attorney has a lien upon his client's cause of action which attaches to the judgment or final order in his client's favor, and that the court "before which said action was instituted, or in which said actoin may be pending at the time of said settlement, compromise or verdict * * * shall determine and enforce the lien created by this act." Arkansas Act, May 31, 1909, page 892.

(1-2) In *May* v. *Ausley,* 103 Ark. 306, it was decided that a lien created under the statute just referred to must be enforced in the trial court and that this court has no jurisdiction to entertain a petition for the enforcement of such lien. We are of the opinion that this statute has no application to suits by an administrator for the benefit of an estate of the decedent, for to give it that effect would constitute an invasion of the exclusive jurisdiction vested in probate courts by the Constitution. An amount paid to an attorney for conducting litigation for the benefit of an estate is a part of the expenses of administration, and payment of the amount is a distribution of a part of the assets of the estate. It is necessarily a part of the jurisdiction of the probate court which is exclusive over that subject, and no other court can invade that jurisdiction. *Hankins* v. *Layne,* 48 Ark. 544; *Ferguson* v. *Carr,* 85 Ark. 246; *Coppedge* v. *Weaver,* 90 Ark. 444.

(3)   The statute does not authorize an administrator, without the consent of the probate court, to enter into a contract so as to bind the estate, and a contract made by an administrator constitutes his own undertaking for which he alone is responsible, although it is within the province of the probate court to make an allowance to the administrator as a part of the expenses of administration. *Reynolds, Admr.,* v. *Canal & Banking Co.,* 30 Ark. 520; *Tucker* v. *Grace,* 61 Ark. 410.

In *Tucker* v. *Grace, supra,* Judge RIDDICK, speaking for the court, said: ''An administrator has no power to enlarge, by his contract, the liability of the estate that he represents.   Whether he contracts as an administrator or not, it is his own undertaking, and not that of the decedent, and he incurs a personal liability.   An attorney employed by the administrator of an estate has no claim against the estate, although his services may have inured to the benefit of the estate. . He must look for compensation to the administrator who employed him.''

(4-5)   The doctrine of the case last cited is, we think, decisive of the case at bar, and the circuit court was correct in holding that it had no jurisdiction to adjudicate the amount payable to the attorney and to declare a lien on the amount recovered from the defendants in the original action.   The funds recovered in that action and paid over to the clerk belong to the estate of the decedent and can only be distributed by the probate court.   The judgment is, therefore, affirmed.