GILLEYLEN v. HALLMAN.

Opinion delivered December 1, 1919.

ADMINISTRATION — EMPLOYMENT OF COUNSEL — DISTRIBUTION OF SUM COLLECTED.—Although an administrator is authorized by the probate court, to institute suit to recover in the proper forum an amount due the estate which he represents, the tribunal in which the suit is instituted has no jurisdiction to distribute or administer the funds adjudged by it to belong to the estate; for the funds when recovered become the property of the estate and must be administered by the probate court which has exclusive jurisdiction of the estates of deceased persons, administrators, etc.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Verne McMillen* and *Charles T. Coleman,* for appellants.

Our decisions on attorneys' fees and compensation authorize the chancery court to take jurisdiction of the case at bar. 35 Ark. 247, 268; 133 *Id.* 422; 103 N. W. 1068. See also *Baxter County Bank* v. *Davis,* 137 Ark. 459, and *Johnson* v. *Mo. Pac. Ry. Co.,* 139 Ark. 507; 85 N. Y. 283. See also as to attorneys' liens, 168 U. S. 311; 27 N. Y. Supp. 687; 51 Am. St. 254; 2 R. C. L., § 170 and note; 64 Ark. 443; Kirby & Castle's Digest, § 5189; 47 Ark. 86; 56 *Id.* 324; 85 *Id.* 106. The case in 128 Ark. 416

is in conflict with the above decisions. 2 R. C. L., sec. 160. See 72 Am. St. 815; 11 L. R. A. (N. S.) 631.

*Edward B. Downie,* for appellee.

The *Carpenter-Hazel* case, 128 Ark. 416, is decisive of the issues here and the decree should be affirmed.

WOOD, J. On the 8th day of January, 1918, W. R. Fisher and J. E. Fisher, father and son, were assassinated in Montgomery County, Arkansas. W. R. Fisher carried a policy of life insurance in the Home Life & Accident Company in the sum of $5,000. H. L. Watkins was appointed administrator of the estate of W. R. Fisher and K. E. Hallman administrator of the estate of J. E. Fisher, by the probate court of Pike County, Arkansas. During the time that H. L. Watkins was acting as administrator of the estate of W. R. Fisher, and K. E. Hallman as administrator of the estate of J. E. Fisher, the insurance company interpleaded in the Pulaski Chancery Court, making both the administrators parties to its interplea, and deposited in the registry of said court the proceeds of the policy of W. R. Fisher and asked that the administrators of the respective estates be required to litigate as to who was entitled to the money due on the policy. At this juncture it was suggested that, since the death of the Fishers occurred in Montgomery County, the administrators should be appointed by the probate court of that county, which in due form was done.

Before the trial was had on the issue raised on the interplea in the Pulaski Chancery Court a petition was filed by K. E. Hallman in the probate court of Montgomery County praying that he as administrator of the estate of J. E. Fisher, deceased, be authorized and directed to employ Otis Gilleylen and Carmichael & Brooks, as lawyers to represent him in Pulaski Chancery Court either upon a contingent or fixed fee as might be agreed upon and approved by the court.

On the 10th day of April, 1919, the probate court of Montgomery County entered an order reciting that K.

E. Hallman as administrator of the estate of J. E. Fisher had on the 9th day of June, 1918, filed a petition asking authority to employ the above attorneys for the purpose mentioned. The order recites that the granting of the petition was overlooked but is granted now for then; that the attorneys, however, had done the work under a contract with the administrator believing that the petition had been granted. The decree was rendered in the original cause in the Pulaski Chancery Court between the administrators directing that the money in the registry of the court should be paid to K. E. Hallman, the administrator or his attorneys of record, and this court affirmed the decree of the Pulaski Chancery Court.

This suit was instituted by the appellants in the Pulaski Chancery Court against the appellee, setting up in substance the above facts and alleging that they had been employed by the appellee who had agreed to pay them a contingent fee of one-third the amount recovered and that they had faithfully performed the services and had recovered for the estate of J. E. Fisher the sum of $4,-709.84. They allege that the order of the probate court of the 10th of April, 1919, approved, ratified and confirmed the employment of the appellants and that such order was made as an allowance to the administrator for expenses in administering the estate and was made as a partial distribution of the moneys collected. They alleged that the appellee refused to perform its contract and prayed that they have judgment for the amount due them and the sum of $15, which they had paid out for costs and that their fee be declared a lien on the funds in the hands of the court.

To the complaint the appellee demurred on the ground that the chancery court of Pulaski County was without jurisdiction to render judgment in the cause because exclusive jurisdiction over the subject-matter was in the Montgomery Probate Court.

The court sustained the demurrer and plaintiffs below, appellants here, declined to plead further, whereupon the court entered a decree dismissing the complaint, from which is this appeal.

In the case of *Carpenter* v. *Hazel,* 128 Ark. 416, one Phillips, administrator of the estate of Mary Person, employed one Carpenter, an attorney, to enter suit against a railroad company to recover damages sustained by the estate of Mary Person on account of the alleged negligent killing of Mary Person by the agents of the receivers, who were operating the railroad. The contract specified that the attorney was to receive a certain portion of the amount recovered. The attorney entered suit in the circuit court and recovered, and the amount of the judgment was paid to the clerk of the court where the judgment was rendered. At a subsequent term of the circuit court the attorney filed a petition asking that a lien be declared on and that the clerk be required to pay over to the attorney his portion of the amount recovered. Hazel, at that time the administrator of the estate of Person, resisted the petition. The circuit court decided that it had no jurisdiction of the subject-matter and entered an order directing the clerk to pay over the funds in his hands to the administrator of the estate of Person. From that order an appeal was prosecuted to this court, and we held that "the circuit court was correct in holding that it had no jurisdiction to adjudicate the amount payable to the attorney and to declare a lien on the amount recovered from the defendants in the original action." We quoted the following from *Tucker* v. *Grace,* 61 Ark. 410: "An administrator has no power to enlarge, by his contract, the liability of the estate that he represents. Whether he contracts as an administrator or not, it is his own undertaking, and not that of the decedent, and he incurs a personal liability. An attorney employed by the administrator of an estate has no claims against the estate, although his services may have inured to the benefit of the estate. He must look for compensation to the administrator who employed him."

But counsel for appellants contend that in the case at bar the probate court authorized the administrator to employ the attorneys (appellants) to bring suit to recover the sum due on the insurance policy for the estate of J. E. Fisher. The allegations of the complaint show

that the administrator was not authorized by the probate court to employ counsel to bring suit but that court only "approved, ratified and confirmed the employment" after "the services had been rendered and the money collected."

However, that fact is wholly immaterial. The fact that an administrator is authorized by the probate court to institute suit to recover in the proper forum an amount due the estate which he represents does not give the tribunal in which the suit is instituted jurisdiction to distribute or administer the funds adjudged by it to belong to the estate. For the funds when recovered become the property of the estate and must be administered by the probate court which has exclusive jurisdiction of "the estates of deceased persons," "administrators," etc. Art. 7, sec. 34, Const. 1874.

As we said in *Carpenter* v. *Hazel, supra,* "An amount paid to an attorney for conducting litigation for the benefit of an estate is a part of the expenses of administration, and payment of the amount is a distribution of a part of the assets of the estate. It is necessarily a part of the jurisdiction of the probate court which is exclusive over that subject, and no other court can invade that jurisdiction."

We cannot agree with learned counsel for appellant in the contention that an order of the probate court authorizing the administrator to employ counsel to bring suit to recover money for an estate upon a contract for a fee fixed at a definite sum, or contingent upon recovery and for a certain per cent. of the amount recovered is tantamount to a distribution in advance by the probate court of the funds so recovered, and a separation of these funds from the general assets of the estate. We have no such case before us, but, if we had, counsel are mistaken in the position assumed.

The recovery of funds is one thing, their distribution when recovered is an entirely different matter.

This case is ruled by *Carpenter* v. *Hazel, supra.* There is no distinction in principle between them.

Affirmed.