WARFIELD, ADMINISTRATOR *v.* BURNSIDE

5-3768                                           399 S. W. 2d 676

Opinion delivered February 21, 1966
[Rehearing denied March 28, 1966.]

*William H. Drew,* for appellant.

*O. C. Burnside, Jr., Smith, Williams, Friday &* *Bowen* and *Boyce R. Love,* for appellee.

GEORGE ROSE SMITH, Justice. Dr. A. G. Anderson died in 1960, after having signed a purported will by which he left $9,400 to various charities and the rest of his estate, about $110,000, to an old friend, Robert Stephenson. The testator's next of kin contested the will. The probate court upheld the instrument, but on appeal we set it aside for undue influence and testamentary incapacity. *Short* v. *Stephenson*, 238 Ark. 1048, 386 S. W. 2d 501 (1965).

The appellees, O. C. Burnside, Sr., and W. K. Grubbs, Sr., are the lawyers who unsuccessfully defended the will contest. After that litigation ended they filed claims against Dr. Anderson's estate for compensation for their services in the defense of the will. Grubbs also asserted other claims for services rendered to the executor of the estate. This appeal, by the administrator in succession, is from an order allowing most of the appellees' claims. By cross appeal Grubbs seeks a larger allowance with respect to two items in his claim.

By far the principal question is the appellees' right to compensation for their work in the will contest. On this issue the record, which includes the probate judge's interim findings, is voluminous; but the salient facts are not really in dispute.

Dr. Anderson died in 1960. Grubbs, representing Stephenson, who was the principal beneficiary, filed the will for probate and obtained an order appointing Stephenson as the executor. Dr. Anderson's niece, Helen Short, contested the will. Before the proceeding came on for trial Grubbs and Burnside entered into a written contingent fee contract with Stephenson by which they were to receive a fee of $25,000 if they won the case and nothing if the will should fail.

Stephenson died about nineteen months before the will contest was decided in this court. To protect their employment contract Burnside and Grubbs filed a con-

tingent claim for $25,000 against Stephenson's estate. Their contract does not appear to have been mentioned in any way in the course of the will contest. After the will was set aside Burnside and Grubbs filed claims for $3,500 and $6,000 respectively for their services in defending the will. After Burnside's claim had been allowed, and while Grubbs's claim was under submission, the appellant learned of the contingent fee contract and on that basis resisted both claims for fees.

The trial judge, in allowing the claims, pointed out that a personal representative's contract with an attorney is not binding upon the probate court. *Gilleylen* v. *Hallman*, 141 Ark. 52, 216 S. W. 15 (1919). The trial judge reasoned that, despite the attorneys' contract of employment, they were entitled to a reasonable fee for their services under this section of the Probate Code:

> "When any person nominated in a will as executor or the administrator with the will annexed, in good faith defends it or prosecutes any proceedings for the purpose of having it admitted to probate, whether successful or not, he shall be allowed out of the estate his necessary expenses and disbursements including reasonable attorney's fees in such proceedings." Ark. Stat. Ann. § 62-2209 (Supp. 1965).

This section of the statute does not mean that in every instance an attorney who unsuccessfully defends a will contest is entitled to a fee from the estate. The section is substantially a re-enactment of § 104 of the Model Probate Code, about which the draftsmen made this comment: "This section is necessary only because, if probate is denied, it might be claimed that a personal representative named in the will or defending it is not entitled to expenses and attorney's fees." Model Probate Code, § 104 (1945).

We are of the opinion that these attorneys, by making the contractual arrangement with Stephenson, nec-

essarily elected to forgo the alternative course of seeking a fee from Dr. Anderson's estate on a *quantum meruit* basis. Owing to the risk that is involved in a contingent fee agreement the reward for success is ordinarily greater than would be a fee fixed without regard to the outcome of the litigation. That is true here. An experienced attorney testified for the claimants in the court below that their services were reasonably worth a fee of $10,000. The court allowed them $9,500. Yet, if the will had been upheld, they would have received $25,000 from Stephenson. It is of course not conceivable that they would then have also received a *quantum meruit* allowance from the estate.

Every circumstance indicates that Burnside and Grubbs were representing Stephenson as an individual beneficiary of the will rather than as the executor of that instrument. The contract was made with Stephenson personally. It was not authorized or approved by the probate court. Upon Stephenson's death a precautionary claim was filed against his estate.

Under the Probate Code the appellees' claim is essentially derivative. If they had represented Stephenson as the executor of the will, then he would have been in a position to incur a liability for a reasonable fee and seek reimbursement from the estate. But all three men chose to follow a different course—a course inconsistent with the one just mentioned. If Stephenson had been still living when the will was set aside he could not have paid his lawyers a fee of $9,500 and then shifted that burden to his adversary, Dr. Anderson's next of kin, by recommending its allowance as a claim against the estate. Inasmuch as the claim is a derivative one the appellees are in no better position than the executor would have been. For decisions in similar situations see *In re Estate of Blankenship*, 136 So. 2d 21 (Fla. 1961), and *In re Gleason's Estate*, 74 So. 2nd 360 (Fla. 1954).

The appellant also questions the trial court's allowance of a fee of $2,000 to Grubbs for his preparation

of the estate tax returns for the Anderson estate. This, too, is a matter that was covered by agreement. On July 16, 1961, Grubbs mailed the proposed contingent fee contract to Stephenson with an accompanying letter that explained in detail what Stephenson's financial expectations would be under the contract. In the course of this explanation these statements were made: "One difference in the figures will be made by the Attorney's fee for administration which I explained to you was separate and in addition to the fee on the Contest of the Will. This Attorney's fee includes the costs of filing the Estate tax returns, both Federal and State, as well as all ordinary administrative and legal duties of the attorney."

This arrangement appears to have been carried into effect. In Stephenson's first annual executor's report, which was prepared by Grubbs, Stephenson asked "that W. K. Grubbs, Sr., be allowed the sum of $1,500.00 as one-half of his fee as attorney's fees." The requested amount was paid. In March of 1964, while the will contest was still pending, Grubbs filed a petition stating that he had "already done all the work that would be required of the regular statutory fee schedule and has earned the complete fee and is entitled to receive the approximate balance of $2,000.00 at this time." That request was also granted, so that Grubbs received the amount allowed by the Probate Code. Ark. Stat. Ann. § 62-2208 (Supp. 1965). We realize that the statutory fee schedule is not an inflexible maximum, but in the circumstances of this case we do not think it should be exceeded. This conclusion also disposes of the contention on cross appeal that Grubbs is entitled to a slightly greater fee than the court awarded him.

We must reverse the judgment to the extent that it allows $9,500 in fees for the defense of the will contest and $2,000 as a fee for the preparation of estate tax returns. In other respects the judgment is affirmed.

WARD, J., dissents.

PAUL WARD, Justice, dissenting. In my opinion the trial court committed no error in allowing any of the claims. My views can be adequately demonstrated by reference to the fee of $3,500 allowed Mr. Burnside, Sr.

### (1)

First, it should be made clear that the amount of the fee is not an issue. On page 6 of the record, the attorney for appellant, Mr. Drew, stated to the trial judge:

> "Your Honor, if I understand, the amount of the services rendered in the amount of $3,500, is not an issue. We do not contest the amount of services rendered."

### (2)

The trial court was amply supported by the evidence in finding Mr. Burnside, Sr., rendered services in behalf of the *Estate*—not just to the executor (R. T. Stephenson) personally. The record (beginning at page 21 of vol. 2) shows the following: Mr. Burnside, at the hearing before the trial court, stated:

> "I represented the A. G. Anderson Estate and not Mr. Stephenson."
>
> \* \* \* \*
>
> "I represented the Estate at all times."

He quoted appellant as telling him:

> "I certainly think you are entitled to this amount of money and I will back you up in it."

In reply to the above appellant stated:

> "I just wanted to say that Mr. Burnside has stated correctly our conversation with reference to whether or not he had worked and earned a fee and whether he was entitled to a fee. But, I did make one reservation that if the law says that he is due a fee that

there would be no contest on my part. I will be glad for him to have it if the law says that the Estate owes it.''

Also the appellant, who was the attorney for Mrs. Short on appeal to this Court, filed a brief containing this language:

"It is respectfully shown that in all particulars this appeal has been prosecuted by such administratrix since her appointment as such on June 28, 1963. The same attorneys now represent her as the administratrix of the Estate of A. G. Anderson, Deceased, who had represented the Estate of A. G. Anderson, Deceased, when R. T. Stephenson was the Executor.''

One of the attorneys referred to above is Appellee Burnside.

(3)

(Does the Estate owe Mr. Burnside a fee in this case?)

In view of the facts and issues set out above there is no logical ground for reversing this case. I find no justification for so doing in any of our statutes or decisions.

It is contended that Burnside could not receive remuneration for representing the Executrix (or the Estate) on appeal to this Court because his employment was not approved in advance by the trial court, and because he had contracted to represent the Executor personally. I find no authority for such contention. In order for a personal representative to provide himself with the services of an attorney to assist in probating an estate it is *not* necessary for the probate court to approve, in advance, the attorney's contract. The approved procedure is for the personal representative to hire an attorney and later present a claim for his fee to the court

—as was done in the case before us, as was done in *Kenyon, Executor* v. *Gregory*, 127 Ark. 525, 192 S. W. 887, and as is set out in Ark. Stat. Ann. § 57-641 and § 62-2208 d. (Supp. 1965).

Our opinion in the case of *Black* v. *Thompson*, 235 Ark. 725, 361 S. W. 2d 753, does *not* hold that an attorney for a personal representative cannot receive compensation unless his contract of employment is approved in advance by the trial court. The majority in that case *did* hold however (over the protest of two dissenters) that it is immaterial if the said attorneys had also previously contracted to represent certain beneficiaries of the Estate involved.