## BREARLY, AD. VS. NORRIS.

Gross frauds might be practiced upon an estate, and it is against the policy of the statute to allow a person, especially a stranger, to pay unauthenticated claims against the estate, and make out an account for the money so paid, and procure its allowance, against the objection of the administrator, by the testimony of the original claimant; but where this was done by the widow of the deceased—there being then no administration—and there is reason to believe she acted in good faith, and that the claims were just, no injustice could have been done the estate.

*Appeal from Pope Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

HOLLWELL, for the appellant.

The allowance of the account in this case for the several claims paid by the appellee, on the testimony of the original claimant, was not only in violation of the well settled rules of evidence, but also in face of the letter of the statute. *Gould's Dig.*, secs. 102, 103, *chap.* 4; 1 *Greenl. Ev.*, sec. 326, *p.* 440; 1 *Gilb. Ev.*, 223, 224.

This court has invariably held a strict compliance with the statute in all proceedings for the collection of claims against the estates of deceased persons, must in all cases be adhered to. *Lafferty ad. vs. Lafferty,* 5 *Eng,* 268; *Beirne vs. Imboden,* 14 *Ark.* 237; 15 *Ark.* 419.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Samuel Norris died intestate in Pope county, sometime in the year 1856, leaving his wife, Susan Norris, surviving him.

After the death of her husband, Mrs. Norris paid several

claims against his estate, amounting in the aggregate to $104 85.

Afterwards, in the year 1857, Brearly took out letters of administration upon the estate, and Mrs. Norris made out an account for the claims paid by her, presented it to the administrator, duly authenticated by her affidavit, for allowance, and he rejected it. On application to the Probate Court, the amount above stated was allowed and classed against the estate, in her favor, and the administrator, who contested the claim, excepted and appealed to the Circuit Court, where, upon inspection of the record, the judgment of the Probate Court was affirmed, and the administrator appealed to this court.

On the trial in the Probate Court, the persons to whom Mrs. Norris had paid the claims were introduced as witnesses, and each one of them testified that Norris was indebted to him, at the time of his death, in the sum stated in Mrs. Norris' account, and that she paid the debt after the death of her husband.

The administrator did not think proper to interrogate the witnesses as to the character of their claims, how they were evidenced, or in what manner they were authenticated when Mrs. Norris paid them.

There is no indication in the record that the claims paid by Mrs. Norris were not just, or that she acted otherwise than in good faith in paying them.

It is probable that Mrs. Norris intended paying the debts of her husband, and taking care of his estate, without the expense of administration, an economical policy favored by *sec.* 5, *chap.* 4, *Gould's Dig.*, and that she paid the debts in question in pursuance of such intention, but that afterwards, for some cause not disclosed in the record, letters of administration were taken out by Brearly.

The probate judge, who tried the case, and allowed her claim, doubtless knew more of the matter than is disclosed in the record before us.

It is true, as insisted by the counsel for appellant, that the

statute contemplates that claims against estates must be authenticated by the affidavits of claimants, and that it would be a departure from the policy of the statute to allow a person, especially a stranger, to pay unauthenticated claims against an estate, and then make out an account for the amount so paid, and procure the allowance of it, against the objection of the administrator, by the testimony of the original claimants. Gross frauds might be perpetrated upon estates in that way.

But here there could have been no motive on the part of Mrs. Norris to defraud the estate of her deceased husband, and there is every reason to believe that she acted in good faith in paying the claims, and that they were just. Surély, if there had been anything wrong about the matter, the administrator could have drawn from the witnesses some evidence of the fact, by interrogating them upon the trial, before the probate judge, as to the character of their claims, and the circumstances under which they were paid by Mrs. Norris, but it seems that he did not think proper to do so, but contented himself by objecting generally to their testimony.

We find nothing in the record to induce the conclusion that the probate judge erred, or did injustice to the estate in allowing the claim of Mrs. Norris, and concur with the circuit judge in affirming the judgment.

Absent, Mr. Justice FAIRCHILD.