## YARBOROUGH VS. WARD.

1. ADMINISTRATOR : *When personally liable on contract. Power of probate court to order contracts by.*

    When an intestate has hired land by a contract, complete and binding at the time of his death, it is the duty of his administrator to take possession of the term as assets of his estate; and he will not be personally liable on the contract, whether the probate court orders him or not, to proceed with the cultivation of the land, and fulfillment of the contract. But if the contract be incomplete, and not binding at the intestate's death, and be completed by his administrator, either of his own will or

by order of the probate court, the claim will be against the administrator personally, and not against the estate.

An administrator has no power to rent land for the benefit of an estate, nor the probate court the power to order it.

2. SAME: *In what character to sue and be sued. His power to contract.*

When claims and liabilities of an estate are fixed at the time of an intestate's death, suits in regard to them must be brought by and against the personal representative, in his character as such. But as to contracts made by the personal representative in the course of administration, they are personal, though for the benefit of the estate, and he *may* sue and *must be* sued in his individual capacity, whether he has contracted as administrator or otherwise. If the fruit of the suit will be assets in the plaintiff's hands, he may sue in his individual or representative character at his option.

If the representative binds himself by a contract concerning the estate, or for its benefit, he may be held personally liable, and must look to the probate court for indemnity in the way of allowances for expenses of administration. He can not, by contracting as administrator, etc., create new claims against *the estate*, not arising from some act, or founded on some liability of the deceased at the time of his death.

3. ADMINISTRATOR. PROBATE COURT: *Their duty to pay for personal services for estate.*

Claims for necessary or useful personal services rendered to an estate at the instance of an administrator, and not with'n his personal duties, may be presented to the probate court, not for allowance and classification, but for an order on the administrator to pay them as expenses of administration. It is the duty of the administrator to pay such claims, and if he does so, he will be allowed a credit on settlement. Should he refuse, the probate court has power to compel him. (The case of *Turner v. Tapscott*, 30 *Ark.*, 312, explained.)

APPEAL from *Woodruff* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*Coody*, for appellant.

*B. D. Turner, contra.*

EAKIN, J. This case was begun before a justice of the

peace, without formal pleadings, by Yarborough against
Ward upon an account for the rent of land; in which he
recovered $217 and costs.   Ward appealed to the circuit
court, where, upon a trial *de novo*, there was a verdict and
judgment for Ward.   Yarborough appealed to this court.

The evidence, brought up by the bill of exceptions, dis-
closes : that Yarborough held some lands as administrator
of his brother, which he had agreed to rent, for the year
1875, to one Deberry.   He says that the contract was not
completed, but that the terms of it had been understood
between them, to-wit: that Deberry was to pay $217, and
make some clearing, not less than ten nor more than fifteen
acres, and to fence the same, for which he was to be allowed
ten dollars an acre.   Deberry was then on the place, and
his children had already done part of the clearing.   He
shortly afterwards died, and, as plaintiff says, Ward, as
his administrator, made the contract on the same terms,
and went on to carry it out for the benefit of the estate.
The crops made on the lands were sold for the benefit of
the estate, and Ward cleared fifteen acres which were
fenced, although not in exact accordance with the agreement.
Ward, in his testimony, disclaimed any contract on his
part, personally, to rent, but contends that he took posses-
sion of the ground and adopted the lease as part of the
assets of the estate, and worked it, as administrator only,
by order of the probate court; Yarborough, on his part,
contending that the contract of renting was a new one by
Ward, and that he was personally liable in this action.

If the contract of letting had been complete and bind-
ing on Deberry in his lifetime, it would properly be a claim
against his estate; and his administrator would be charged
with the duty of taking possession of the term as a part
of the assets.   He would not be personally liable on the

intestate's agreement, whether he had been ordered by the probate court, or not, to proceed with the cultivation of the land and the fulfillment of the contract. He would be personally liable for all new contracts for labor, or otherwise incurred in his management of the property. The effect of the order would be only to entitle him to credits therefor in settlement, as expenses of administration.

Upon the other hand, if the contract with the intestate had been only in contemplation, and never completed; and would have no binding efficacy as it existed at the time of his death; and if it had been completed by the administrator, whether of his own will, and on his own judgment, or by order of the probate court, it would not have been a claim against the estate, but against the administrator, personally. The administrator had no power to rent land for the benefit of the estate, nor had the probate court the power to order it. The question turned upon a matter of fact, as to the time of the contract, and the parties between whom it was made, which matter it was the province of the jury to determine.

The court refused to instruct the jury as follows:

"If the jury find that plaintiff made a contract with defendant to rent land to him, and put defendant in possession, and that he enjoyed the use of the same, then they must find for the plaintiff, the amount stipulated to be given, and it is immaterial * * * the contract was made with plaintiff as administrator."

For the defendant, the court instructed, on this point, as follows: " Before the jury can find for the plaintiff they must find, from a preponderance of the evidence, that Ward personally rented the land, on his own individual liability, and not as an administrator."

Also, as to the character in which plaintiff should sue, as

follows: "If the jury find that Yarborough rented the land, as administrator of his brother's estate, then he can not recover in this action in his own name, personally, and they will find for the defendant."

The plaintiff saved exceptions to this refusal and instructions.

The true rule governing these points is obvious. The claims and liabilities of an estate are fixed at the time of the death. With regard to these, suits must be brought by and against the personal representatives in their character as such. It is only as they represent the deceased and the interest of his estate that they, in such cases, have any connection with the suits. With regard to contracts made by the personal representatives themselves, in the course of administration, they are personal, although for the benefit of the estate. The representative becomes the contracting party. He *may* sue, and *must* be sued in his individual capacity, whether he has contracted as administrator, or otherwise. If the fruit of the suit, will be assets in the plaintiff's hands, he may sue as administrator or executor, or, at his option, in his individual capacity. If the representative has bound himself by a contract, concerning the estate, or for its benefit, he may be held personally liable, and must look to the probate court for indemnity, in the way of allowances for expenses of administration. He can not, by contracting as administrator, etc., create new claims against *the estate*, not arising from some act, or founded on some liability of the deceased at the time of his death.

Although the jury may have found that the plaintiff held the land as administrator of his brother, and, as such, let it to Ward, he could nevertheless recover rents in his own name; and if they had in fact found that the effective

contract of renting was made with Ward, and not with the intestate whilst alive, Ward would be liable in this action.

These principles result from our line of decisions upon the statutes regulating administrations. (*Underwood v. Milligan, administrator, 10 Ark., 254; Bomford v. Grimes, administrator, 17 Ark., 567; Tiner, administrator, v. Christian, administrator, 27 Ark., 306*).

The case of *Bomford v. Grimes (supra)* was an application by a physician for allowance against an estate, for medical services rendered the family and slaves of deceased after his death. Chief Justice English remarked, in delivering the opinion, that: "It is manifest that our statute of administration provides for the *allowance and classification* of no claims or demands against the estate of a deceased person (other than funeral expenses) but such as arise upon contract or liabilities, made or incurred by him, in some way during his lifetime." He further said that whilst it would be the duty of the probate court to *allow* the administrator, in his settlements, for payments for such services as were dictated by humanity and a due regard to the preservation of the property; yet as between administrator and physician it would be a personal contract. An administrator has no right to make a contract for a *dead man.*

This doctrine received some apparent modification, but real extension and further development, in the case of *Turner v. Tapscott, 30 Ark., 312*, which was an action by an administrator *de bonis non* against an attorney, for money collected by him on notes belonging to the estate. It was held that he should be allowed, as a set-off, proper attorney's fees for services rendered the estate. This might seem to put the claims for services upon the footing of

claims *against the estate*, but that position was not necessary to sustain the decision, and the court, in that case, cited the former cases (*supra*) as harmonizing with the view then taken. Evidently the contract for attorney's services had been made with the administrator, and the contract for compensation being supposed simultaneous, the right of set-off was more in the nature of a counter claim arising out of the same transactions, and might well be allowed whether the contract for collection had been made with the administrator or the intestate. It was not necessary to put the claim for services on the footing of claims against the estate, or to hold that the attorney might have sued *the estate*, through the legal representative, in the same manner as if the contract had been made with the intestate in his lifetime.

The court in that case, nevertheless, prescribed a wholesome rule, and recognized an equitable practice for the government of administrators' and executors, and the protection of those who deal with them. Mr. Justice Walker, delivering the opinion, distinguished between services which should be charged against an estate *as costs of administration* and such as render an administrator liable. The former are such as are necessary or useful to the estate, but which do not come within the ordinary scope of the administrator's personal duties—the latter, such as the administrator should do in person, or which are unauthorized and unnecessary. With regard to the former, the court sanctions by implication, the practice of presenting the claim to the probate court, not for allowance and classification, but for the purpose of obtaining an order on the administrator to pay the same as expenses of administration, leaving only the surplus of assets to go to the claims properly allowed against the

estate. It is certainly the duty of the administrator to pay such claims, and if he does so he will be allowed a credit on settlement. Should he refuse, it is certainly within the scope of the general powers of the probate court, in its control over the conduct of the administrator, to order him to do so upon proper application in the case, and to enforce its order. But it does not follow, nor in the face of the former authorities, which he approves, can we suppose the learned justice meant to say that the administrator could not be sued at law, on his legal obligation resulting from his power to contract. The remedy of the party may, in this case as in many others, be cumulative; and when, regarding the latter class of cases, he speaks of them as such as render the administrator liable, he must be understood to mean simply without recourse upon the assets for indemnity, and not that the administrator may not be sued upon a personal contract made by express or implied authority from the probate court.

Harmonizing this opinion with the former expressions of this court, we have developed, a plain, intelligible and rational system. Except for funeral expenses, no debts can be created against an estate after death. They must be then existing, or arise out of obligations incurred by the deceased whilst alive. Only such can be presented for allowance, classification, and payment, in statutory order, out of the assets found in the hands of the representative after settlement.

Save with regard to funeral expenses, no provision is made for the classification and settlement of demands arising in the course of administration. Those who render services, or furnish material useful to the estate, stand upon the common law regulating contracts, and may sue the person with whom the contract is made; and must sue him, *if*

*at all*, in his individual capacity. There could be no execution *de bonis testatoris*, nor could the judgment be classified in the probate court, as in case of judgments in suits pending against the intestate at his death, or brought against the administrator for causes of action accruing, or originating, in his lifetime. Whether the administrator may pay voluntarily or be coerced by suit, the probate court may allow him the payment out of the assets, or not, as the contracts have been authorized or necessary, or otherwise. There is no hardship in this. The administrator knows what the assets are, and owes it to himself, as well as strangers to the estate, not to incur liabilities beyond its means. If, upon the other hand, there be assets, and the administrator be insolvent, or the collection of the debt out of him be difficult, this court has recognized the power, and sanctioned the practice, of the probate court, in ordering the administrator to pay out of the assets, such expenses of administration as it may, on proper application, approve.

The instructions were upon a wrong theory. The plaintiff is entitled to have his case tried by a jury upon right principles, and we can not anticipate the verdict.

Reverse and remand for a new trial.