CARTER *v.* MARKS.

Opinion delivered October 27, 1919.

1. APPEALS FROM PROBATE TO CIRCUIT COURT—HOW REGULATED.—Appeals from the probate to the circuit court are granted and regulated under Kirby's Digest, § 1348.

2. SAME—SAME—IMPROPER AFFIDAVIT.—An affidavit for appeal from the probate to the circuit court is insufficient, when the affidavit does not recite that the affiant swears to it, nor the jurat recite that he has done so, and no effort has been made to amend.

3. SAME—SAME—MANNER OF TAKING.—Sections 1352 and 1353 of Kirby's Digest, relating to the taking of appeals from the probate to the circuit court, while directory are not to be ignored in the taking of such appeals.

4. MANDAMUS—LIES WHEN—APPEAL FROM PROBATE COURT.—Mandamus lies only when the party applying for it has a clear legal right to the relief which he asks; one has no clear legal right to an appeal from an order of the probate court who does not comply with the statute regulating these appeals; the purpose of the writ is not to establish a legal right, but to enforce one already established.

Appeal from Bradley Circuit Court; *Turner Butler,* Judge; reversed.

*E. W. McGough,* for appellant.

1. There was no affidavit and prayer for appeal. Kirby's Digest, § 1348; 2 Cyc. 4 A, 24 (3). The affidavit was not sufficient under our law. Kirby's Dig., § 1348; 28 Ark. 297.

2. The petition for mandamus was not sworn to. 26 Ark. 237.

3. The petition for mandamus was not filed in time. He wanted too long. 26 Cyc. 395; Kirby's Dig., § 5090; 166 S. W. 546.

*T. Nathan Nall,* for appellee.

1. There was no defect in the affidavit for appeal. If the word *swear* was omitted, it was in unintentional omission—a mere clerical error and amendable. 2 Cyc. 4 A. Kirby's Digest, § 6145; 2 Cyc. 32.

2. The affidavit required by section 1348, Kirby's Digest, was filed in due time under the law and was sufficient. No bond was required. Kirby's Dig., § 1349·

3. No other remedy at law was available to petitioner, as it was too late to appeal. An affidavit to a petition for mandamus is not necessary in the absence of court requiring it. 25 Ark. 261.

4. The appeal is premature and should be dismissed.

SMITH, J. Appellee filed a petition in the Bradley Circuit Court, praying that a writ of mandamus issue directing the probate court of that county to grant him an appeal from an order of that court disapproving a settlement filed by him as executor of an estate which he was administering. In his petition therefor he alleged that on March 16, 1917, the court had passed upon and had disapproved his settlement, and that on October 8, 1917, he had filed with the clerk of the probate court the following affidavit for an appeal to the circuit court: "Before T. A. Carter, probate judge. *Birt Marks* v. *F. K. Marks, Executor.*

"I, F. K. Marks, executor in the above entitled cause, do solemnly that the appeal taken by me from the judgment herein rendered is not taken for the purpose of delay or vexation but that justice may be done me. (Signed) F. K. Marks.

"Subscribed and sworn to before me this the 26th day of September, 1917.

"O. L. Nall, County Clerk
of Grant County, Arkansas."

That on October 10, 1917, the court made an order refusing to allow the appeal for the reasons that the affidavit was not sufficient and that no bond for appeal had been filed.

The petition for the writ was filed August 7, 1918, and appears to have been the first step taken to prosecute an appeal after the prayer therefor had been denied in the probate court.

A demurrer to this petition was filed upon the grounds that it did not show that petitioner was entitled to the relief prayed; that it did not show that a proper affidavit was filed; and did not show that petitioner had no adequate remedy at law. The circuit court permitted petitioner to amend his petition by alleging that he had no adequate remedy at law, the time for appeal having elapsed; but no offer was made or had been made to amend the affidavit. The demurrer was overruled, whereupon the following testimony was heard:

Petitioner testified that he went to the clerk of the probate court and told him he wanted to appeal from the order disapproving his settlement, and the clerk drew up the affidavit set out above, and he signed it and filed it with the clerk. The attorney representing petitioner in the probate court testified that he asked the probate judge why he had not granted the appeal and was told that that action was taken because no bond for costs had been filed.

The probate judge testified that he did not grant the appeal because no affidavit was filed and that he so wrote petitioner's attorney, who replied that it made no difference as he intended to make a settlement with the de-

visees, and that before the twelve months had expired he personally called the attention of the attorney to the fact that no proper affidavit had been filed for an appeal.

Upon this record the court found that the prayer of the petition should be granted and so ordered and overruled the demurrer, and this appeal has been duly prosecuted to review that action.

(1) Appeals from the probate court to the circuit court are granted and regulated by section 1348 of Kirby's Digest, which reads as follows:

"Section 1348. Appeals may be taken to the circuit court from all final orders and judgments of the probate court at any time within twelve months after the rendition thereof by the party aggrieved filing an affidavit and prayer for appeal with the clerk of the probate court, and upon the filing of such affidavit the court shall order an appeal at the term at which such judgment or order shall be rendered, or at any term held within twelve months thereafter. The party aggrieved, his agent or attorney, shall swear in said affidavit that the appeal is taken because he verily believes that he is aggrieved, and is not taken for the purpose of vexation or delay."

After quoting this section in the case of *Walker* v. *Noll*, 92 Ark. 151, the court said: "It will be seen from this that the probate court must grant the appeal at a term of the court, and that as a prerequisite to the granting of such appeal it is necessary that an affidavit for appeal must be filed. It is essential that the affidavit for appeal be made and filed before the probate court can grant the appeal, and that the probate court must itself act on such affidavit and prayer for appeal and grant same by an order."

And in the same case it was said that an affidavit to which no jurat was attached was not sufficient as an affidavit for appeal. See also *Tharp* v. *Barnett*, 93 Ark. 263; *Matthews* v. *Lane*, 65 Ark. 419.

(2) It will be observed that the purported affidavit for appeal does not recite that the affiant swears to it, nor does the purported jurat recite that he had done so. It

is no doubt true that either or both might have been amended; but it is also true that neither was amended, and no offer to amend was made.

(3)  Section 1352 of Kirby's Digest, which relates to appeals from the probate court, provides that all appeals allowed ten days before the first day of the term of the circuit court next after the appeal allowed, shall be determined at such term, unless continued for cause, and by section 1353 it is provided that if the appeal be not allowed at the same term at which the judgment is rendered, the appellant shall serve the appellee at least ten days before the first day of the term at which the cause is to be determined with a notice in writing, notifying him of the fact that an appeal has been taken from the judgment therein specified.

Of course, these sections are directory; but they are not on that account to be ignored, and one who desires to appeal from a judgment of the probate court must take notice of the fact that statutes are in existence for the purpose of expediting the hearing of such appeals.

The terms of the probate court in Bradley County are begun on the second Monday in January, April, July and October; and the terms of the circuit court in that county are begun on the first Monday in January and August. So it appears that three terms of the probate court were held as well as one of the circuit court after the probate court had made its order refusing the appeal, because no proper affidavit had been filed, before any action was taken.

(4)  Petitioner had a full year in which to perfect his appeal, yet, without complying with the requirements of the statute by filing an affidavit for appeal, he waited until after the expiration of the year and then applied for a discretionary writ upon the ground that his year had expired and that he had no other adequate remedy. Mandamus lies only when the party applying for it has a clear legal right to the relief which he asks. *State* v. *Board of Directors*, 122 Ark. 337; *Rolfe* v. *Spybuck Drain. Dist.*, 101 Ark. 29; *Automatic Weighing Co.* v. *Carter*, 95 Ark.

118. One has no clear legal right to an appeal from an order of the probate court who does not comply with the statute regulating these appeals. The purpose of the writ is not to establish a legal right but to enforce one already established. *Vance* v. *Little Rock,* 30 Ark. 435.

The petition was therefore demurrable, and the demurrer to it should have been sustained, and the judgment of the court below will therefore be reversed, and the petition dismissed.