## STOVER *v.* ROBINSON.

### Opinion delivered November 29, 1920.

1. EXECUTORS AND ADMINISTRATORS—ALLOWANCE OR DISALLOWANCE OF CLAIM.—The allowance or disallowance of a claim against an estate in the probate court is a judgment by which all parties are bound, unless fraud is shown in the procurement.

2. JUDGMENT—RELIEF IN EQUITY.—A complaint in equity seeking relief against the disallowance of a claim in the probate court which alleged that plaintiff had a valid claim against a certain estate; that the claim was disallowed by the probate court; that plaintiff, through her attorneys, made repeated calls upon the county clerk, asking whether the claim had been passed upon and was informed that it had not been; and that, by reason of the clerk's misrepresentation and without negligence on the part of herself or her attorneys, plaintiff had lost her right of appeal, *held* not to state a cause of action.

Appeal from Conway Chancery Court; *Joe T. Rogers,* Chancellor; reversed.

*Strait & Strait,* for appellant.

1. There is absolutely no proof that the judgment disallowing the claim was procured by fraud, misrepresentation or other unfair advantage by the administrators, the attorneys or any one else connected therewith. The undisputed proof is that no one interested in the case tate of Carl Meier, deceased, knew of the disallowance by the probate court until the January following. The whole theory of appellee is that the judgment should be set aside and the case reopened because she did not know of the disallwance in time to enable her to appeal and

for the further reason that the court's order was entered by *nunc pro tunc* order. The order itself shows that the matter came up for hearing on July 9, 1917, the day set. This became a public record, and appellee had six months to appeal. There was no fraud or concealment in law or fact, and she has lost her right of appeal. She should have taken the necessary steps to appeal within the time allowed. 108 Ark. 526; 204 S. W. 598. While the *nunc pro tunc* order has no bearing on the case, the decree is erroneous, because (1) if appellee had any grounds of relief she had a complete statutory remedy by petition to the probate court. (2) No fraud is alleged or proved against the administrators or any one else connected with the estate in obtaining the judgment. (3) The cause as disclosed by the facts is wholly without merit. (4) If appellee lost her right of appeal, it was the result of her own negligence and that of her attorneys, and she is barred of any right to relief in equity. Kirby's Digest, § 4431. The statute gives an adequate and a complete remedy, and equity will not interfere or intervene. 48 Ark. 510; 82 *Id.* 330; 93 *Id.* 266. See, also, 81 *Id.* 41; 93 *Id.* 266.

2. To justify a court to reopen a case and set aside the judgment of the probate court, fraud must be shown *in procuring* the judgment of the successful party. 73 Ark. 440; 68 *Id.* 492; 107 *Id.* 136; 194 S. W. 499. See, also, 75 *Id.* 166; 90 *Id.* 261; *Ib.* 166; 84 Ark. 61; 93 *Id.* 462; 39 *Id.* 256; 50 *Id.* 217. No fraud was practiced on the court, and the remedy was by appeal. 113 Ark. 185.

3. The claim is without merit, as no valid cause of action is shown by the proof. 120 Ark. 255; 96 *Id.* 520. To entitle a party to relief in equity against a judgment at law, it must be shown not only that the *judgment was unjust* but that it was not *the result of negligence.* 43 Ark. 107. See, also, 51 Ark. 341; 61 *Id.* 341; 113 *Id.* 185; 76 *Id.* 582. She lost her right of appeal by her own negligence and that of her attorneys. 15 R. C. L. 195; 64 Ark. 126; 66 *Id.* 183; 13 *Id.* 600; 14 *Id.* 32. A meritorious defense must be shown, and that the party has been

guilty of no negligence and has no remedy at law, or equity will not intervene. 61 Ark. 347.

*J. Allen Eades,* for appellee.

Chancery has jurisdiction to set aside the allowance in the probate court of a claim obtained by fraud. 73 Ark. 440; 68 *Id.* 492; 33 *Id.* 575. Appellee had no way to get an appeal, as the judge and clerk told her at all times that no action had been taken on her claim. Under the testimony and law the decree is correct.

Wood, J. This appeal is from a decree of the chancery court of Conway County, reopening and setting aside a judgment of the probate court of Conway County disallowing a claim of $2,000, which the appellee sought to have probated and allowed by the probate court. The complaint alleged that the plaintiff (appellee here) was the owner and holder of a check given her by Carl Meier in the sum of $2,000, which remained unpaid, and which she presented to the administrators for approval and payment, which was refused. She then presented the check to the probate court of Conway County, and that court on January 15, 1918, passed upon the claim and disallowed the same, and by a *nunc pro tunc* entry showed that the order of disallowance was made on July 9, 1917; that the plaintiff, through her attorneys, made many calls upon the county clerk and his deputy asking if said claim had been passed upon, and was informed by them that it had not been; that, relying upon these representations of the clerk and his deputy, the plaintiff, without negligence on her part or her attorneys, had lost her right to appeal; that her claim was a just and honest one, and that the misleading statements of the clerk and his deputy were a fraud and deception, which, unless corrected, would cause the loss of her claim. She, therefore, prayed that the judgment of the probate court be set aside and that the cause be reopened before the probate court, in order that she might further prosecute her claim.

The defendant below answered and admitted that they were the administrators of the estate of Meier; that the claim was presented to them; that the same was disapproved and disallowed, and admitted that the same was on the 9th day of July, 1917, presented to the probate court, and that it was on that day disallowed, but denied that the claim was diallowed on the 14th day of January, 1918. They denied all the other material allegations of the complaint and set up certain affirmative defenses, which are not necessary to mention, and further alleged that the judgment of the probate court of July 9, 1917, was a bar to appellee's action. The appellants also filed a demurrer to the complaint, which it appears was not passed upon.

It is unnecessary to incumber the record by setting out the testimony upon which the trial court made its finding and entered its decree setting aside the judgment of the probate court. The judgment had become final, and, even if it be conceded that the appellee lost her right of appeal without negligence on her part or the part of her attorneys and through the misrepresentations of the clerk of the probate court and his deputy to the effect that the claim had not been passed upon, still this would not justify the chancery court in setting aside the judgment of the probate court. The allowance or disallowance of a claim against an estate in the probate court is a judgment by which all parties are bound unless fraud be shown in its procurement. *James* v. *Gibson,* 73 Ark. 440; *Scott* v. *Penn,* 68 Ark. 492; *Berbridge* v. *Gotch,* 107 Ark. 136; *Vanness* v. *Vanness,* 128 Ark. 543; *Radford* v. *Samstag,* 113 Ark. 185, and other cases cited in appellant's brief.

The complaint does not allege, nor does the testimony show, that there was any fraud practiced upon the probate court by the appellants or the attorney for the estate of Meier in procuring the judgment of disallowance of the claim of the appellee. The complaint was, therefore, fatally defective and might have been dismissed on

that ground. The court, however, did not rule on the demurrer, but the cause was disposed of on the evidence, and there is no testimony to show that the judgment of disallowance was procured through any fraud practiced upon the court by the appellants or the attorney for the estate of Meier. Furthermore, the appellee would not be entitled to relief in equity against a judgment of the probate court disallowing her claim on the ground that her appeal was not perfected, whether through the negligence of herself or her attorneys, or through the negligence of the clerk of the probate court. *Waldo* v. *Thweatt,* 64 Ark. 126. See, also, *Scroggin* v. *Hammett Grocer Co.,* 66 Ark. 183. See *Awbrey* v. *Hoopes,* 145 Ark. 502.

There is no merit in the appeal. The decree is therefore reversed and the cause is dismissed.