SECURITY BANK & TRUST COMPANY v. COSTEN.

Opinion delivered July 6, 1925.

1.  EXECUTORS AND ADMINISTRATORS—FUNERAL EXPENSES.—The estate of a decendent is chargeable with the reasonable and necessary expenses of interment of the body, in keeping with his circumstances and standing when in life.

2.  DEAD BODIES—DUTY TO PROVIDE BURIAL.—The duty to provide a decent burial rests upon the living, and from this duty springs a legal obligation of the decedent's estate to pay the expenses.

3.  EXECUTORS AND ADMINISTRATORS—BURIAL EXPENSES AS CHARGE.— If the person who incurs burial expenses or who advances money to pay therefor is not a mere volunteer who acts officiously and without interest in the estate of the deceased, the expense incurred on money advanced for burial is a charge against the estate, which inures to the benefit of the person so incurring or advancing it.

4.  EXECUTORS AND ADMINISTRATORS—BURIAL EXPENSES—PAYMENT BY WIDOW.—Payment by a widow of the funeral expenses of her hsuband did not discharge the obligation of the estate, but constituted a mere transfer of his obligation to her by way of subrogation.

5.  WILLS—LIABILITY OF DEVISEE TO PAY DEBTS OF ESTATE.—The widow of decedent was entitled to enjoy the portion of her husband's estate devised to her without assuming any obligation to pay the debts of the estate, where the will did not impose any such obligation upon her.

Appeal from Green Circuit Court; *W. W. Bandy;* Judge; reversed.

*M. P. Huddleston* and *Hamilton E. Little,* for appellant.

*Jeff Bratton,* for appellee.

McCULLOCH, C. J. Appellee's decedent, W. C. Greathouse, died in Greene County, Arkansas, on March 12, 1923, leaving surviving his widow, Emily C. Greathouse, and several children and leaving a last will and testament, by which he devised to his wife, Emily C., his lot and dwelling house in the city of Paragould "for and during her natural life, and at her death, if undisposed of, then to my heirs hereinafter named," and also bequeathed to her "all the household and kitchen furniture, beds and bedding, cooking utensils, etc., now used by us in keeping house and the sum of $135 in money." Directions were made in the will for the payment to a lodge of Odd Fellows the sum of $100 out of the proceeds of a life insurance policy, and the will contains a residuary clause devising and bequeathing the residue of the estate to the children and grandchildren of the testator. The will also contains a clause conferring power upon the devisee, Emily C. Greathouse, to mortgage the property devised "if necessary to raise money for her reasonable support and maintenance during her natural life." No appointment of an executor was made in the will.

The next day after the burial of deceased the widow, Emily C. Greathouse, paid the necessary funeral expenses, amounting to $210. She died on October 12, 1923, and appellant was appointed administrator of her estate. The claim was presented by appellant for the estate of his decedent against the estate of W. C. Greathouse, appellee having been appointed administrator of that estate, and the claim was allowed and classified by the probate court, but on appeal to the circuit court the trial of the issues resulted in a judgment in favor of appellee and against appellant for the allowance of the claim.

It goes without question that the estate of a decedent is chargeable for the reasonable and necessary expenses of interment of the body—a ceremonial interment in keeping with the circumstances and standing of the deceased when in life. The duty rests upon some of the living to see that the right of decent burial is provided, and from this duty springs a legal obligation of the decedent's estate to pay the expenses. *Patterson v. Patterson,* 59 N. Y. 574. If the person who incurs the expense or advances the money to pay it is not a mere volunteer who acts officiously and without interest in the estate of the decedent, the charge against the estate inures to his or her benefit. This principle was announced by this court in the case of *Brearly v. Norris.* 23 Ark. 166, and the principle has been recognized by many decisions in other States. *Jenks v. Terrell,* 73 Ala. 238; *France's Estate,* 75 Pa. St. 220; *Brown v. Forst,* 95 Ind. 248; *In re Skillman's Estate,* 146 Iowa St. 601; *Constantinides v. Walsh,* 146 Mass. 281. Under the circumstances of this case, it cannot be rightly said that the widow was a mere volunteer and acted officiously and without interest in paying the funeral expenses of her deceased husband. The payment was in settlement of the claim of the undertaker, which would have been a legal claim against the estate, and the act of the widow in making the payment was not a discharge of the obligation of the estate, but was a mere transfer of the obligation by way of subrogation to the widow. The last will and testament of the deceased husband did not cast upon the widow the burden of paying the debts of the estate, and she was therefore under no obligation to pay the debts out of her own estate or out of the interest which she took under the will of her husband, for no such condition or burden was imposed upon her by the terms of the will. *Wisner v. Richardson,* 132 Ark. 575. Nor did the mere fact that the widow was authorized in addition to her life estate in the real property devised

to sell or mortgage the property in fee to raise the money for her maintenance create any obligation to pay the debts of the estate. She was entitled to enjoy the portion of the estate devised and bequeathed to her, without assuming the obligations to pay the debts, unless such obligation was imposed by the language of the will itself.

The judgment of the circuit court was therefore erroneous, and the same is reversed and the cause remanded for a new trial.