MILLER v. OIL CITY IRON WORKS.

Opinion delivered December 7, 1931.

*Coulter & Coulter,* for appellant.

*J. R. Wilson* and *Compere & Compere,* for Oil City Iron Works, appellee.

*Graham Moore,* for Pelican Well Tool & Supply Company, appellee.

HART, C. J., (after stating the facts). It is earnestly insisted by counsel for appellant that the circuit court erred in not dismissing the appeals of the creditors of the estate who filed exceptions to the account of the administratrix in the probate court. It is conceded that affidavits for appeal were filed by the creditors, and that the appeals were duly granted by the probate court, but it is claimed that the appeals were not perfected in the time required by the statute.

Section 2258 of Crawford & Moses' Digest provides when and how appeals may be taken to the circuit court from the probate court; and, as construed by this court, the filing of the affidavit and the order of the probate court granting the appeal is a prerequisite to the right of the circuit court to exercise jurisdiction. *Tharp* v. *Barnett,* 93 Ark. 263, 124 S. W. 1027; *Speed* v. *Fry,* 95 Ark. 148, 128 S. W. 154; and *Walker* v. *Noll,* 92 Ark. 148, 122 S. W. 488.

Section 2262 of the Digest provides that all appeals from the probate court allowed ten days before the first day of the term of the circuit court next after the appeal allowed shall be determined at such term unless continued for cause. The appeals in this case were allowed

by the probate court within ten days before the first day of the next term of the circuit court. In the case of *Carter* v. *Marks,* 140 Ark. 331, 215 S. W. 732, the court expressly declared that § 2262 is directory, but that it should not on that account be ignored, and should be followed by persons appealing from a judgment of the probate court.

In the case at bar, the record shows that the circuit court overruled the motion of administratrix to dismiss the appeals. The record does not show whether or not any evidence was introduced on the motion in the circuit court; and, in the absence of such showing from which this court might determine whether or not the circuit court abused its discretion in overruling the motion to dismiss, every presumption that it was correct must be indulged. Such is the effect of the reasoning of this court in *Huffman* v. *Sudbury,* 117 Ark. 628, 174 S. W. 1149. Many other cases might be cited tending to show that the probate court is a court of superior jurisdiction, and that the same presumption of the correctness of their judgments must be indulged as in the case of judgments of circuit and chancery courts. Therefore we hold that the court properly overruled the motion to dismiss the appeals from the probate court.

The court correctly allowed the widow one-third of the personal estate under the provisions of § 3535 of the Digest, and also an additional $300 under the provisions of § 80 of the Digest.

The circuit court also correctly allowed the administratrix credit by the amount paid Haynes and Rice in the sum of $1,522.65. The record shows that these persons probated a claim for that amount which was for the expenses of the last illness of the decedent, including fees for nurses, sanitorium and doctor's bills, and also sums advanced to the deceased in his lifetime by the physician. The claim was duly classified as a second-class claim by the probate court.

Under § 112 of the Digest, the probate court has the power to determine all demands against the estate and

the order of allowance has the same force and effect as a judgment. In *Jackson* v. *Gorman*, 70 Ark. 88, 66 S. W. 346, it was held that the allowance of a claim in the probate court is a judgment which is final after the expiration of the term at which it was rendered and cannot be attacked collaterally. The allowance and classification of the claim was conclusive after the expiration of the term, and the court then had not the power to set it aside. The allowance or disallowance of a claim against an estate in the probate court is a judgment by which all parties are bound unless fraud be shown in its procurement. *Stover* v. *Robinson*, 146 Ark. 262, 225 S. W. 315. Many other cases might be cited to the effect that probate courts in this State in the allowance and classification of demands against the estate are upon the same footing with other courts of record, and the same presumption of validity attaches to their judgments. Hence a judgment allowing and classifying a claim against an estate, unappealed from within the time prescribed by statute, is a final judgment, and is *res judicata* as to all issues upon which the judgment is based.

The circuit court also properly allowed the funeral expenses of decedent. *Yarborough* v. *Ward,* 34 Ark. 204; and *Security Bank & Trust Co.* v. *Costen,* 169 Ark. 173, 273 S. W. 705.

The circuit court properly allowed the administratrix the amount paid for her administratrix's bond made with a surety company in compliance with § 6144 of Crawford & Moses' Digest.

The circuit court also properly disallowed the claim of the administratrix for a large sum paid in defending oil leases which she claimed belonged to the estate of decedent in the State of Texas. It is true that she secured an order of the probate court allowing her to employ counsel and to make expenditures of money, but the court had no jurisdiction to make such order. In the first place, letters of administration have no legal force or effect

beyond the territorial limits of the State granting them. Woerner on Administration, (3d ed.) vol. 1, pp. 548-549; 23 C. J. 1014; 24 C. J. 1120; 11 R. C. L., § 532, p. 432, and § 551, p. 447.

In *Overby* v. *Gordon*, 177 U. S. 214, 20 S. Ct. 603, it was held that the sovereignty of one State and the jurisdiction of its courts at the time letters of administration are granted do not extend to or embrace assets of the decedent's estate within the jurisdiction of another State. This principle of law was also recognized in *Brown* v. *Fletcher's Estate*, 210 U. S. 82, 28 S. Ct. 702, where it was held that every State has exclusive jurisdiction over property within its boundaries, and, where the testator has property in more than one State, each State has jurisdiction over the property within its limits, and can, in its own courts, provide for the distribution thereof in conformity with its law. The same principle was recognized in *Greer* v. *Ferguson*, 56 Ark. 324, 19 S. Ct. 966, where it was held that, on the death of a defendant *pendente lite*, the suit cannot be revived against his executors appointed in another State so as to render a judgment against them binding upon his estate. The court there expressly recognized the rule to be that every grant of administration is strictly confined in its authority and operation to the limits of the State which granted it, and does not extend to other states. Hence we are of the opinion that the probate court could not confer upon the administratrix any authority to employ counsel and to prosecute suits on behalf of the estate of the decedent in the State of Texas. Ancillary administration would have been necessary in the State of Texas to have accomplished that purpose.

In the next place, the record does not show that it was necessary for the administratrix to take charge of the land belonging to the estate for the purpose of paying debts. The record in this case shows that the personal assets were amply sufficient to pay the probated claims against the estate, together with all proper costs of ad-

ministration. It is well settled in this State that an administrator does not represent heirs when the title to land is involved unless they are needed to pay debts: *Jones* v. *Jones,* 107 Ark. 402, 155 S. W. 117; *Miller* v. *Watkins,* 169 Ark. 60, 272 S. W. 846. In the last case cited, it was held that an administrator of an estate cannot sue to establish title to land and to recover possession thereof without showing that the land was needed to pay debts.

In this connection, it may be stated as settled in this State that the probate court has jurisdiction to disallow credits claimed by administrator for illegal expenditures, although they were ordered by the court to be paid. *Burke* v. *Coolidge,* 35 Ark. 180; and *Boyd* v. *Duncan,* 178 Ark. 772, 12 S. W. (2d) 395. In these cases the court expressly recognized that, when an administrator presents an account and claims credit for expenditures in preserving the estate, parties interested in the estate may except to the items included in the account, and, if they are ill-founded or based upon an illegal demand, it is the duty of the probate court, notwithstanding its previous order, to disallow and reject such expenditures.

The circuit court also properly disallowed two aggregate items which had been allowed by previous orders of the probate court in the course of administration, but which had not been embraced in any account current. The items of one of these amounted in the aggregate to $3,-754.66. They included sums which the administratrix had paid out to the minors as their guardian; which she had paid for attorneys' fees and traveling expenses for certain attorneys and other matters relating to what she called expense of administration. The other claim amounted in the aggregate to $1,667.27, which was also for expenses in settling a matter against the estate for attorneys' fees, and various traveling expenses which she claims were incurred in looking after the affairs of the estate. Except for funeral expenses, no debts can be created against an estate after death. The debts must be existing at the time of death or arising out of ob-

ligations incurred by decedent. Only such claims can be presented for allowance, classification and payment out of the assets found in the hands of the representative after settlement. *Yarborough* v. *Ward*, 34 Ark. 204; and *Bomford* v. *Grimes*, 17 Ark. 567. These cases recognize that costs of administration are necessary and useful to the estate. They do not come within the ordinary scope of the administrator's personal duties, and the practice is not to allow them as debts against the estate and classify them, but to present them with the account of the administrator so that they may be passed upon and allowed by the court and exceptions taken thereto, if deemed necessary by those interested in the estate. The reason is that expenses of administration are entitled to payment before the debts of the estate because they are incurred for the very purpose of securing the payment of debts. If creditors and distributees of the estate could not except to them, great confusion and injustice would arise in their allowance by previous orders of the probate court, and the whole capital of the estate might be wasted or lost before creditors or distributees would be entitled to anything, or have their day in court.

It would unduly prolong this opinion to take up each of these items and discuss them separately. We need only lay down the general principles of law applicable to them.

The circuit court properly refused to allow the administratrix the amount claimed to have been expended by her for the support and education of the minor children of the intestate. The reason is that the administratrix had nothing to do with the support and education of such minor children. *Alcorn* v. *Alcorn*, 183 Ark. 342, 35 S. W. (2d) 1027.

There are several matters connected with the estate which do not fall under the head of the personal duties of the administrator, and for such expenses reasonably incurred in taking care of and preserving the estate and collecting its assets, the administrator should be allowed a reasonable sum as expenses of the administration upon filing his account. *Scroggins* v. *Osborn Company*, 181

Ark. 424, 26 S. W. (2d) 95; and *James* v. *Echols,* 183 Ark. 826, 39 S. W. (2d) 290.

It is next insisted that the circuit court erred in the allowance of attorney's fees in favor of the administratrix. This question arises upon the cross-appeal of appellees. Sums paid to attorneys for conducting litigation for the benefit of the estate, when properly authorized, are a part of the expenses of administration. So, too, attorneys may be employed and paid reasonable sums for advising the administrator in the affairs relating to his office, and for giving proper legal assistance in the conduct of the administration. No hard and fast rule can be laid down in each particular case, and each must be governed to a large extent by its own particular facts. *Jacoway* v. *Hall,* 67 Ark. 340, 55 S. W. 12; *Carpenter* v. *Hazel,* 128 Ark. 416, 194 S. W. 225; *Gilleylen* v. *Hallman,* 141 Ark. 52, 216 S. W. 15; *Triplett* v. *Chipman,* 153 Ark. 12, 240 S. W. 23; *Souter* v. *Fly,* 182 Ark. 791, 33 S. W. (2d) 408.

The record in this case shows that the decedent had $20,000 life insurance which was collected without suit, and that oil and gas royalties to the amount of $819.31 were collected by the administratrix, and that she had the aid of attorneys in both of these matters. Claims were presented and allowed by the probate court in the sum of $13,659.69. She had the advice of attorneys in this matter. Claims in the amount of $2,351.39 were presented and allowed as fifth-class claims. Claims in the sum of $6,321.90 were disallowed, and the administratrix had the advice and assistance of attorneys in the premises. According to her testimony, she also had their advice in various other matters pertaining to the collection of assets and the establishment or disallowance of claims. Then, too, her good faith in trying to establish the claim of the estate to the Texas land is not disproved, although her attempt was wholly unsuccessful. The circuit court allowed one of the attorneys $500, and the other the sum of $2,000; and, without reviewing the evidence in detail on this branch of the case, we are of the opinion that the allowance in favor of R. M. Hutch-

ins for $500 should be allowed to stand, and that the allowance to Barney, Keeney & Barney, which was allowed in the sum of $2,000, should be reduced to the sum of $1,000, which we consider ample compensation for all services performed by them.

We are of the opinion also that the circuit court properly disallowed the claim of the administratrix in the sum of $535, for the payment of a note to the Vivian State Bank under claim that it was secured by a mortgage. There is no showing that administratrix received any assets belonging to the estate in consideration of this payment, and the debtor should have presented its claim and have been paid in the same proportion as other creditors of the estate. Of course, if it elected to do so, the bank might have foreclosed its mortgage; but no showing is made that it was prudent or necessary in the management of the estate for the administratrix to pay off this mortgage and take up the mortgage indebtedness as expenses of administration.

We are of the opinion that the principles of law above announced will make it unnecessary to take up and consider the remaining items of the account separately. It follows that the judgment of the circuit court must be reversed, and the cause will be remanded with directions to the circuit court to restate the account in accordance with this opinion and to certify its judgment down to the probate court for its guidance in the premises. It is so ordered.